**COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,**

v.

**D. B. ANDERS, Respondent.**

**No. 9987.**

United States Court of Appeals
Tenth Circuit.

June 20, 1969.

Rehearing Denied Aug. 6, 1969.

Melva M. Graney, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., were with her on the brief), for petitioner.

J. Glenn Hahn, Kansas City, Mo. (Hoskins, King, Springer, McGannon & Hahn, and Harlow B. King and Walter J. Kennedy, and Davis, Graham & Stubbs, and Robert H. Harry, Denver, Colo., were with him on the brief), for respondent.

Before PICKETT, Senior Circuit Judge, and HICKEY and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

This petition for review challenges the decision against the Government by the Tax Court in Anders v. Commissioner, 48 T.C. 815 (1967). The issue involved is whether the amount received for rental items of apparel, towels and the like in a sale of corporate assets preceding a

complete liquidation was a gain from the sale of property within the provisions of § 337 of the Internal Revenue Code of 1954 for non-recognition of gain to the corporation where the cost of such items had been fully expensed when they were purchased, or whether such gain was taxable as ordinary income to the corporation under tax benefit principles. The Government contends that due to the tax benefit obtained when the charges to expense accounts were made, the gain should be treated as ordinary income. The taxpayer [1] maintains that tax benefit principles do not apply and that there was only a gain from the sale of property within the non-recognition provisions of § 337 on liquidations. The Tax Court sustained the taxpayer's position.

The undisputed facts show the following. Service Industrial Cleaners, Inc., (Service) was a Kansas corporation engaged in the business of providing a rental service of laundered towels, seat covers, wiping and dusting materials, coveralls, coats, shirts and other items of apparel. The items had a useful life of 12 to 18 months or somewhat longer depending on the use made of them. Service also carried on a general cleaning and laundering business for such items owned by others and an industrial laundry business. For Federal income tax purposes Service charged the full cost of the rental items described to expense accounts when purchased. At the end of its tax years the expense accounts were credited with the cost of items not placed in service during the year. The expensed replacement cost of the rental items ran about $200,000 annually. There is no dispute as to the propriety of these charges.

In May, 1961, respondent Anders, owner of the stock of Service directly or through nominees, made an agreement for the sale of the business and prop-

erties of Service. On May 12 Service's directors and stockholders passed resolutions approving the terms of sale and adopting a plan of complete liquidation pursuant to § 337. On May 16 Service executed a written agreement of sale with the individuals purchasing the business who were acting in behalf of a newly formed Kansas corporation also known as Service Industrial Cleaners, Inc., through which purchasers desired to carry on the business. On May 22 and 23 the rental items in question and substantially all of Service's assets were sold to the purchasers. Compliance by Service with the requirements of § 337 for such complete liquidations is not disputed.

In the terms of sale Service agreed with the purchasers on specific consideration to be paid for the inventory of rental items in question and also specified consideration to be paid for furniture, realty, goodwill and accounts receivable. For the purposes of this opinion it is sufficient to note that Service reported a gain of $446,601 from the sale of all such property and claimed non-recognition of the gain under § 337. This gain included $233,000 received for the rental items in use whose cost had been fully expensed giving them a zero basis. It is this gain from disposition of the rental items in use which the Government says should be taxed as ordinary income due to tax benefits obtained when the cost of the rental items was charged to expense on purchase. The tax return of Service in issue was on an accrual basis.

The Government position essentially is that § 337 carries the same exceptions and limitations applicable to capital gains treatment under the Code generally, which is shown by similar definitions of property in § 337 and of capital assets in § 1221 and other statutory provisions;[2] that such exceptions include de-

---

1. It is undisputed that respondent Anders as a stockholder received distributions in excess of the deficiency asserted against the corporation and would be liable as transferee if the corporation is liable for the deficiency.

2. § 337 of the Internal Revenue Code of 1954 provided in pertinent part:

"SEC. 337. Gain or loss on sales or exchanges in connection with certain liquidations.

(a) General Rule.—If—

cisions imposing ordinary income taxation under the tax benefit rule where an amount deducted from gross income in one year is recovered in a later year; that under these principles the proceeds from the disposition of the rental items should be treated as ordinary income against which the expense of purchasing the items was charged; and that where there is no gain representing appreciation in value there is no basis for affording the transaction treatment as a gain entitled to non-recognition under § 337.

The taxpayer's position in substance is that there was a sale of items constituting property within the broad definition of that term in § 337 and not covered by its specified exclusions; that the tax benefit cases are of limited application, those involving anticipatory assignment of income and others relied on by the Government being inapposite; and that,

> (1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and
> (2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period.
> (b) Property Defined.—
> (1) In General.—For purposes of subsection (a), the term 'property' does not include—
> (A) stock in trade of the corporation, or other property of a kind which would properly be included in the inventory of the corporation if on hand at the close of the taxable year, and property held by the corporation primarily for sale to customers in the ordinary course of its trade or business,
> (B) installment obligations acquired in respect of the sale or exchange (without regard to whether such sale or exchange occurred before, on, or after the date of the adoption of the plan referred to in subsection (a)) of stock in trade or other property described in subparagraph (A) of this paragraph, and
> (C) installment obligations acquired in respect of property (other than property described in subparagraph (A)) sold or exchanged before the date of the adoption of such plan of liquidation. * * * "

in any event, the deductions taken by Service on purchase of the rental items were in the nature of depreciation deductions and not subject to recapture.

In rejecting the Government's contentions the Tax Court stated:

> "Assuming, for the purposes of this case, that the amount in question represents the recovery of expenses previously deducted from gross income by the corporation and that such recovered amount would be taxable to the corporation in the year of recovery under other circumstances, it is nevertheless gain which resulted to the corporation from the sale of all its assets pursuant to a plan of complete liquidation and is nonrecognizable *to the corporation* under the provisions of section 337" (48 T.C. at 820–821)

In the part of the 1954 Code providing "General Rules In Determining Capital Gains And Losses," § 1221 provided in pertinent part:

> "SEC. 1221. Capital asset defined.
> For purposes of this subtitle, the term 'capital asset' means property held by the taxpayer (whether or not connected with his trade or business), but does not include—
> (1) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business;
> (2) property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in section 167, or real property used in his trade or business;
> (3) a copyright, a literary, musical, or artistic composition, or similar property, held by—* * * "

The Government also relies on § 111 of the 1954 Code which imposed certain restrictions on application of the tax benefit rule. This provision is said to evidence legislative approval of decisions fashioning the rule. Reference is also made to a ruling which denied treatment as a non-recognizable gain in a § 337 liquidation involving the sale of coal, plumbing supplies and small tools. See Rev. Rul. 61–214, 1961–2 Cum.Bull. 60.

■ We do not interpret § 337 as having the special effect on this transaction which the Tax Court finds. If "under other circumstances" (*i.e.*, the sale of the rental items in question without a § 337 liquidation) the tax benefit rule and similar principles would have made the proceeds from the sale of such property taxable as ordinary income, they should also be taxable as ordinary income here. In § 337 Congress dealt with the problem of taxation on gain to both corporation and its stockholders where a sale of assets and subsequent liquidation occur, arising from the decisions in Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945), and United States v. Cumberland Public Service Co., 338 U.S. 451, 70 S.Ct. 280, 94 L.Ed. 251 (1950).[3] And the means employed was to provide for non-recognition of the gain to the corporation on the sale of property (as defined in § 337) by it before its liquidation. The statute used a definition of property in § 337 parallel to that of assets in § 1221 of the 1954 Code.[4] Moreover, there is no provision in the statute showing an intent to alter or bar the application in cases under § 337 of tax benefit principles fashioned under other provisions of the Code. Therefore, we conclude that tax benefit principles are applicable here as under other statutory provisions and that § 337 intended no disregard of them in liquidation cases.

See Citizens Federal Savings & Loan Association of Cleveland v. United States, 290 F.2d 932, 154 Ct.Cl. 305 (1961), and West Seattle National Bank of Seattle v. Commissioner, 288 F.2d 47 (9th Cir. 1961).

■ We turn to a consideration of this case under tax benefit principles. The rental items in question had a zero basis and their cost had been fully expensed on purchase by Service in its Federal income tax returns and deductions were taken therefor by Service.[5] In similar circumstances a recovery of property by the taxpayer was treated as recoupment of prior charitable deductions and as taxable income. Alice Phelan Sullivan Corporation v. United States, 381 F.2d 399, 402, 180 Ct.Cl. 659 (1967). In view of Service's charging the full cost of the rental items to expense, the " * * * increment realized in this area over and beyond adjusted basis does not then represent any gain in capital or asset value." West Seattle National Bank of Seattle v. Commissioner, supra 288 F.2d at 49. The *West Seattle* case involved the transfer of loans receivable at face value with recoupment thereby affected of prior bad debt charges. We conclude that the logic of tax benefit principles applies here, despite various distinctions suggested between Service's case and existing tax benefit decisions. Under such principles the proceeds of the rental items should properly be treated as

3. See S.Rep.No.1622, 83d Cong., 2d Sess. 258 (1954) ; H.R.Rep.No.1337, 83d Cong., 2d Sess. A106 (1954) ; Pridemark, Inc. v. Commissioner, 345 F.2d 35 (4th Cir. 1965) ; and Commissioner v. Kuckenberg, 309 F.2d 202 (9th Cir. 1962), cert. denied, 373 U.S. 909, 83 S.Ct. 1296, 10 L.Ed.2d 411 (1963).

4. See Pridemark v. Commissioner, supra, 345 F.2d at 45, and Merchants National Bank of Mobile v. Commissioner, 199 F. 2d 657 (5th Cir. 1952), applying the tax benefit rule and denying capital gains treatment under the predecessor to § 1221.

5. The written stipulation of the parties included the following paragraph :

"6. For Federal income tax purposes Service charged to its expense accounts when purchased the cost of the items used in conducting the aforesaid rental service business. At the end of each taxable year the expense accounts were credited with the costs of the ending inventory of items which had not been placed in service at the end of such taxable year. In the sale of the business to Buyer, hereinafter referred to in paragraph 8 hereof, the sum of $233,000 of the consideration paid was allocated for the items in use."

The Tax Court opinion states, 48 T.C. at 823:

"Respondent has not questioned the propriety of expensing the rental items when purchased, or the fact that they were not inventoried. See sec. 446(a) and (c), I.R.C.1954; sec. 1.446–1(c) (iv), Income Tax Regs.; sec. 471 I.R.C.1954; sec. 1.471–1, Income Tax Regs."

recoupment of the expense charges. See Alice Phelan Sullivan Corporation v. United States, supra; Citizens Federal Savings & Loan Association of Cleveland v. United States, supra; West Seattle National Bank of Seattle v. Commissioner, supra; Commissioner v. First State Bank of Stratford, 168 F.2d 1004, 7 A.L.R.2d 738 (5th Cir. 1948), cert. denied, 335 U.S. 867, 69 S.Ct. 137, 93 L.Ed. 412 (1948); Merchants National Bank of Mobile v. Commissioner, supra 199 F.2d at 659 (taxing proceeds of sale of notes charged off to a zero basis); William Eugene Monday, Jr., 16 T.C.M. 1, affirmed per curiam, Monday v. C.I.R., 252 F.2d 789 (6th Cir. 1958), cert. denied, 358 U.S. 883, 79 S.Ct. 124, 3 L.Ed.2d 112 (1958); Lloyd H. Faidley, 8 T.C. 1170 (1947).[6]

▬▬ The taxpayer maintains that such principles may not apply since the rental items in question come literally within the general meaning of property in § 337. Thus, it is argued, on disposition of the rental items the proceeds must be treated as gain from the sale of property. We do not agree. The fact that a transaction involves disposition of property does not compel treatment of the proceeds as gain from such a transfer. Commissioner v. Gillette Motor Co., 364 U.S. 130, 134, 80 S.Ct. 1497, 4 L.Ed. 2d 1617 (1960); United States v. Eidson, 310 F.2d 111, 113–114 (5th Cir. 1962), modified on other grounds, 312 F.2d 744 (5th Cir. 1963); West Seattle National Bank of Seattle v. Commissioner, supra; cf. Dyer v. Commissioner, 294 F.2d 123 (10th Cir. 1961) and Commissioner v. First State Bank of Stratford, supra. Instead, we conclude that tax benefit principles call for treatment of the proceeds not as gain from the sale of property, but as ordinary income which was deducted on its purchase.

▬▬ The taxpayer contends further that the expense charges were the same as depreciation which is not subject to recapture, and that the proceeds of the rental items should be treated as gain from a sale above a depreciated basis at zero, relying on Fribourg Navigation Co., Inc. v. Commissioner, 383 U.S. 272, 86 S.Ct. 862, 15 L.Ed.2d 751 (1966).[7] However, the *Fribourg* case emphasizes that such treatment follows use of the depreciation method of tax accounting dealing with wear and tear or gradual expiration of the useful life of the property. Id. at 276, 86 S.Ct. 862; West Seattle National Bank of Seattle v. Commissioner, supra 288 F.2d at 49. While some comparisons may be drawn between depreciation and the charges to expense made by Service at purchase of the rental items, we conclude that in substance the methods are not the same. By charging to expense the full cost of the rental items at purchase and not capitalizing them, there was no real depreciation method employed coming within the *Fribourg* case so as to qualify the disposition of the rental items for treatment as gain from a sale above a depreciated basis. There was no realization of appreciation in value entitled to such treatment. Commissioner v. Gillette Motor Co., supra, 364 U.S. at 134, 80 S.Ct. 1497; Citizens Federal Savings & Loan Association of Cleveland v. United States, supra 290 F.2d at 936.

As the taxpayer says, the controversy is not clearly decided by any of these cases. However, the recoupment of the charges involved here reasonably comes within the tax benefit principles and similar cases, and § 337 does not alter or bar their application. In these circumstances we do not believe that treat-

---

6. But see Reynolds v. Boos, 188 F.2d 322 (8th Cir. 1951). Moreover, the Anders opinion has been followed and such tax benefit decisions held inapplicable in Spitalny v. United States, 288 F.Supp. 650 (D.Ariz.1968), a § 337 liquidation case involving charged off expenses of cattle feed and similar supplies.

7. In view of 26 U.S.C.A. § 1245, this argument seems foreclosed for dispositions occurring in taxable years beginning after December 31, 1962, and involving depreciation deductions taken after December 31, 1961.

ment as a non-recognizable gain was intended by Congress.

The decision is reversed.

## ORDER DENYING PETITION FOR REHEARING

We have considered the petition for rehearing and conclude that it raises no material new issue. These comments are made due to Service's contentions, among others, that the opinion was based on reference to an incorrect regulation and that it did not discuss a pertinent alternative theory.

It is argued that the expensing of the cost of the rental items was not made under § 1.162–3 of the Treasury Regulations on Income Tax dealing with the "Cost of Materials" as originally stated in the opinion. Instead, the taxpayer refers to the statement in the opinion of the Tax Court that: "Respondent has not questioned the propriety of expensing the rental items when purchased, or the fact that they were not inventoried. See sec. 446(a) and (c), I.R.C.1954; sec. 1.446–1(c) (iv), Income Tax Regs.; sec. 471, I.R.C.1954; sec. 1.471–1, Income Tax Regs." 48 T.C. at 823. § 1.162–3 was cited by the Government brief, but we find no record proof that it was the regulation relied on by Service. The regulations cited by the Tax Court have general provisions on inventories and for use of the cash method for expense accounts by an accrual method taxpayer (which Service was) and others which do apply. We therefore consider what effect the applicability of the regulations cited by the Tax Court may have.

We note that the Tax Court findings, 48 T.C. at 816–818, in substance re-stated the following stipulation of the parties:

"6. For Federal income tax purposes Service charged to its expense accounts when purchased the cost of the items used in conducting the aforesaid rental service business. At the end of each taxable year the expense accounts were credited with the costs of the ending inventory of items which had not been placed in service at the end of such taxable year. In the sale of the business to Buyer, hereinafter referred to in paragraph 8 hereof, the sum of $233,000 of the consideration paid was allocated for the items in use."

We have considered the stipulation, the Tax Court findings to the same effect, the related facts and all the cited regulations. Accepting the proposition that Treasury Regulation § 1.162–3 was not the basis of the taxpayer's expense charges, the result is the same. In any event the cost of the rental items was fully expensed at purchase and tax deductions therefor taken. The regulation permitting the deductions is not controlling. Therefore, as stated in the opinion, we conclude that under tax benefit principles the proceeds received for the rental items should properly be treated as recoupment of the prior deductions and as taxable income.

It is also contended that an alternative theory of the taxpayer was not considered. The argument is that if the rental items are not treated as property under § 337(b), then they are entitled to treatment as stock in trade or other property includible in inventory under § 337 (b) (2). It is said that since the items were sold to one person in one transaction the taxpayer is still entitled to nonrecognition of the gain under § 337(a).

The theory does not strengthen Service's position. We dealt with the contention that the rental items come literally within the general meaning of property in § 337. As the opinion stated, we conclude that the fact that a transaction involves the disposition of property within the meaning of § 337 does not compel treatment of the proceeds from it as gain from a transfer of the property. The same reasoning applies if the property is treated as within the meaning of § 337 (b) (2). Where the cost of the property was fully expensed and deducted for tax purposes, tax benefit principles reasonably call for treatment of the proceeds as recoupment of the prior charges and ordinary income. By § 337 Congress

showed no intention to discard such principles.

The opinion is corrected by substituted pages 2, 3 and 8 to omit reference to Treasury Regulation § 1.162–3. We also omit a statement, which followed one made in the Tax Court opinion, that the parties agreed that the rental items were not stock in trade, et cetera. This is done to show that the taxpayer has asserted the alternative theory under § 337(b) (2), discussed above.

We conclude that neither the grounds discussed above nor others urged warrant a rehearing or altering the decision. The petition for rehearing is denied.