**S. E. EVANS, INC., Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. FS-69-C-27.**

United States District Court, W. D. Arkansas, Fort Smith Division.

Sept. 17, 1970.

[redacted]

Bruce Shaw, of Shaw & Ledbetter, Fort Smith, Ark., E. C. Gilbreath, of Jones, Gilbreath & Jones, Fort Smith, Ark., for plaintiff.

Ben A. Douglas, Dept. of Justice, Fort Worth, Tex., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

MEMORANDUM OPINION

PAUL X. WILLIAMS, District Judge.

This is a civil action brought by plaintiff, S. E. Evans, Inc., for refund of federal income taxes and interest in the amount of $102,377.34 assessed against the corporation for the year 1965.

The question presented for decision is whether gain on the sale of corporate property previously expensed qualifies for nonrecognition in a liquidating sale under § 337 of the Internal Revenue Code of 1954, 26 U.S.C. § 337.[1]

1. "Gain or loss on sales or exchanges in connection with certain liquidations.
   (a) General rule—If—
   (1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and
   (2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims,

Basically, § 337 provides that if a corporation adopts a plan of complete liquidation and within twelve months after adoption of same distributes all of its assets pursuant to the plan, then no gain or loss shall be recognized to the corporation from the sale or exchange of its property.

In the present case there is no dispute as to the facts which are as follows:

S. E. Evans, Inc., hereinafter referred to as the plaintiff, was a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Fort Smith, Arkansas.

Plaintiff was liquidated in 1965, pursuant to and in accordance with § 337 of the Internal Revenue Code. Among the assets sold, to which § 337 treatment was applied, were "Miscellaneous Sales in Liquidation" in the amount of $207,-658.12. Said items consisted of parts and supplies which had been charged to expense in prior taxable years.

The Internal Revenue Service alleged a deficiency against the plaintiff. Said deficiency was computed by adding $190,038.12 of the Miscellaneous Sales in Liquidation to the ordinary income of plaintiff. The sum of $190,038.12 represents the cost of the parts charged to expenses in prior taxable years, which amount was the subject of the assessment. The deficiency assessed against the plaintiff was in the amount of $88,-871.33 plus interest of $13,506.01, for a total amount due of $102,377.34. Said assessment was paid by plaintiff on October 3, 1968. A claim for refund was timely filed on November 19, 1968, and was disallowed. This suit followed.

■ There being no unresolved issues of fact, the plaintiff and the Government each filed respective motions for summary judgment. Basically the position of the Government is that due to the tax benefit obtained by the plaintiff, when the charges to expense were made for the parts involved, the gain in question should be treated as ordinary income. Under the tax benefit rule, "if an amount deducted from gross income in one taxable year is recovered in a later year, the recovery is income in the later year." See 1 Mertens Law of Federal Income Taxation, § 734 at 103–104.

On the other hand, the plaintiff contends that the tax benefit rule does not apply and that Congress has provided in § 337 that there shall be no gain to a corporation on the sale or exchange of its "property" when said corporation is liquidated pursuant to § 337. Furthermore, that to tax a corporation on the sale or exchange of its property in liquidation and then to tax the shareholder on receipt of cash or property from the corporation in exchange for the shareholder's stock, would place an undue tax burden on the shareholder.

Excellent briefs and well reasoned arguments have been presented to this court in support of the respective positions of the parties, but this court is of the opinion that the decision of the Tenth Circuit Court of Appeals in C.I.R. v. Anders, 414 F.2d 1283 (1969), cert. denied, 396 U.S. 958, 90 S.Ct. 431, 24 L. Ed.2d 423 (1969) and the decision of the

---

then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period.
(b) Property defined.—
(1) In general.—For purpose of subsection (a), the term 'property' does not include—
(A) stock in trade of the corporation, or other property of a kind which would properly be included in the inventory of the corporation if on hand at the close of the taxable year * * *.

(2) Nonrecognition with respect to inventory in certain cases.—Notwithstanding paragraph (1) of this subsection, if substantially all of the property described in subparagraph (A) of such paragraph (1) which is attributable to a trade or business of the corporation is, in accordance with this section, sold or exchanged to one person in one transaction, then for purposes of subsection (a) the term 'property' includes—
(A) such property so sold or exchanged * * *."

Ninth Circuit in Spitalny et al. v. United States of America, 430 F.2d 195 (July 1970) are dispositive of this case.[2] These Circuit Court decisions both upheld the Government's position on the taxibility of the income from similar liquidation sales and reversed the District Courts' holdings which had sustained the taxpayers' positions.

The facts in the *Anders* case, as in the case at bar, were undisputed. The selling corporation was engaged in the business of providing a rental service of laundered towels, wiping and dusting materials, coveralls and other items of wearing apparel. For federal income tax purposes, the corporation charged the full cost of the rental items to expense accounts when purchased as a cost of material and supplies. The taxpayer treated the expense charges recouped in a sale of the rental items, preceding the complete liquidation of the business, as qualifying for nonrecognition of gain to the corporation under § 337.

The court held in *Anders,* supra, that this was incorrect treatment of the proceeds of the sale, and that such proceeds were taxable under tax benefit principles. In similar circumstances a recovery of property by the taxpayer was treated as recoupment of prior charitable deductions and as taxable income. Sullivan Corp. v. United States, 381 F.2d 399, (U.S.Court of Claims 1967). See also Citizens Federal Savings & Loan Association of Cleveland v. United States, 290 F.2d 932, 154 Ct.Cl. 305 (1961); Commissioner of Internal Revenue v. First State Bank of Stratford, 168 F.2d 1004, (5th Cir. 1948) cert. denied, 335 U.S. 867, 69 S.Ct. 137, 93 L. Ed. 412.

In *Anders* the Court said:

" * * * If 'under other circumstances' (i. e., the sale of the rental items in question without a § 337 liquidation) the tax benefit rule and similar principles would have made the proceeds from the sale of such property taxable as ordinary income, they should also be taxable as ordinary income here. In § 337 Congress dealt with the problem of taxation on gain to both the corporation and its stockholders where a sale of assets and subsequent liquidation occur, arising from the decisions in Commissioner [of Internal Revenue] v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945), and United States v. Cumberland Public Service Co., 338 U.S. 451, 70 S.Ct. 280, 94 L.Ed. 251 (1950). And the means employed was to provide for non-recognition of the gain to the corporation on the sale of property (as defined in § 337) by it before its liquidation. The statute used a definition of property in § 337 parallel to that of assets in § 1221 of the 1954 Code. Moreover, there is no provision in the statute showing an intent to alter or bar the application in cases under § 337 of tax benefit principles fashioned under other provisions of the Code. Therefore, we conclude that tax benefit principles are applicable here as under other statutory provisions and that § 337 intended no disregard of them in liquidation cases."

" * * * We conclude that the logic of tax benefit principles applies here * * *. Under such principles the proceeds of the rental items should properly be treated as recoupment of the expense charged.

2. As indicative of the controlling nature of these two cases, plaintiff's brief submitted with taxpayer's motion for summary judgment filed prior to decision by the respective Circuit Courts in *Anders* and *Spitalny* states:
"The only difference between the *Anders* decision and the case before this Court is that the item previously charged to expense was 'garments' in the *Anders* decision and in the case before this Court 'parts and supplies' were previously charged to expense."
"The Spitalny case, as well as the Anders decision, is directly in point and concerns the identical issue as the issue before this court."

\* \* \* The fact that a transaction involves disposition of property does not compel treatment of the proceeds as gain from such a transfer. \* \* \* Instead, we conclude that tax benefit principles call for treatment of the proceeds not as gain from the sale of property, but as ordinary income which was deducted on its purchase."

The *Anders* decision has been cited with approval and the tax benefit principles enunciated therein followed by the United States District Court of New Jersey in the case of Connery v. U. S., 69 –2USTC [9657] (9–2–69). In the *Connery* case the District Court treated reimbursement of the advertising expense as taxable income under the tax benefit principles instead of as nonrecognizable gain pursuant to liquidation under § 337.

In the *Spitalny* case, supra, the taxpayer corporation was engaged in the business of cattle feeding. Feed on hand, the cost of which had been fully deducted as an expense of doing business, was sold by the corporation pursuant to its plan of liquidation for $177,437.37. The question presented was whether the corporation could treat the fully expensed feed as taking a zero basis and the full price received on sale as nonrecognized gain under § 337.

In its income tax return for the fiscal year ending July 31, 1960, the corporation deducted the entire amount spent that year for feed and supplies. Since this deduction gave to the feed and supplies on hand a zero basis, the taxpayer treated the entire sale price as nonrecognizable gain under § 337.

In refusing to allow the taxpayer to treat the sale price of the feed as a nonrecognized gain in the *Spitalny* case the court discussed *Anders*, supra, and said:

"The question there presented was whether the tax benefit rule should be held to apply to sales of 'property' as defined in § 337 in those cases where the property had been fully expensed and had thereby received a zero basis. We agree with the 10th Circuit that it

should. Just as bad debts written off and later recovered are restored to income. West Seattle National Bank of Seattle v. C.I.R., 288 F.2d 47 (9th Cir. 1961), so costs deducted but later recovered should be restored."

See also, C.I.R. v. Kuckenburg, 309 F. 2d 202 (9th Cir. 1962) cert. denied, 373 U.S. 909, 83 S.Ct. 1296, 10 L.Ed.2d 411 (1963).

In *Spitalny* the Court also said:

"We agree that the feed and supplies on hand are 'property' under § 337(b) and, accordingly, that 'gain' realized on their sale shall not be recognized. The crucial question, however, is whether 'gain' was realized. The assignment of a zero basis to expensed items is not in response to adjustments in valuation. It amounts, rather, to a present fictional conversion of that 'property' into a consumed item of expense. If the feed and supplies are to revert to 'property' they should be reconverted. They should not at the same time be property and still retain attributes of a fictional nonentity.

"Under these circumstances what tax benefit principles do for purposes of computing gain under § 337 is to give to the property sold its true basis as property and deny to it the benefit of an adjusted basis which is false and distorting and inconsistent with its very existence as property.

"We conclude that the District Court (not having before it the decision of the 10th Circuit in C.I.R. v. Anders, supra,) erred in holding the entire sale price of the feed on hand to be nonrecognized gain under § 337."

■ Specifically, as applied to the facts herein, the above authorities preclude treating the recovery of the previously deducted amount of the cost of "parts" as nonrecognized gain from the sale of property in liquidation. Under the tax benefit rule the "property" involved is treated as representing the income which was offset by a deduction and the "gain" is but a recovery of that

income. The fact that the transaction takes the form of a sale of property is not material in relation to application of tax benefit principles.

Accordingly plaintiff's motion for summary judgment will be denied; the Government's motion for summary judgment will be granted; and judgment entered denying the refund sought by plaintiff and dismissing plaintiff's complaint with prejudice.