**D. B. ANDERS**

v.

**The UNITED STATES.**

**No. 35-71.**

United States Court of Claims.

July 14, 1972.

---

J. Glenn Hahn, Kansas City, Mo., for plaintiff; Harlow B. King, Kansas City, Mo., attorney of record. Walter J. Kennedy, Kansas City, Mo., of counsel.

Kenneth R. Boiarsky, U. S. Dept. of Justice, Tax Div., Court of Claims Section, Washington, D.C. with whom was Asst. Atty. Gen. Scott P. Crampton, for defendant. Joseph Kovner and Philip R. Miller, Washington, D.C., of counsel.

Before COWEN, Chief Judge, DURFEE, Senior Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA and KUNZIG, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KUNZIG, Judge.

This is a suit for a refund of federal income taxes paid by plaintiff, as transferee of the assets of D. B. Anders, Inc., formerly Service Industrial Cleaners, Inc. [Service]. Service was a Missouri corporation engaged in the business of renting cleaned and laundered towels, seat covers, fender covers, wiping materials and other textiles and apparels, as well as conducting a cleaning and laundering service of similar items, and in general, conducting an industrial

laundry business. For federal income tax purposes, Service charged the above rental items to its expense account at the time they were purchased. At the end of the taxable year, the expense accounts were credited with the cost of items not yet placed into use.[1]

On May 12, 1961, Service's directors and stockholders passed resolutions approving the terms of a sale of the company's assets and adopting a plan of complete liquidation pursuant to Section 337[2] of the Internal Revenue Code of 1954.[3] On May 22 and 23, Service sold substantially all of its assets, including the rental items in question. Pursuant to the plan of liquidation, Service distributed all of its assets, in complete liquidation, to plaintiff within the 12-month period beginning May 12, 1961. The corporation was dissolved in March, 1962.

In the terms of sale, Service agreed with the purchasers on specific consideration to be paid for the rental items ($117,000).[4] On its income tax return for the fiscal year ended July 31, 1961,

Service reported a gain of $163,002.24 from the sale of all its assets, and claimed nonrecognition of the gain under Section 337. This gain included the $117,000 received for the rental items in use.

The sole issue presented by defendant's motion for summary judgment is whether the amounts received from the sale of the previously expensed rental items, as part of the sale of all of Service's assets preceding a complete liquidation, were gain from the sale of property within the provisions of Section 337 for nonrecognition of gain to the corporation, or whether such amounts were taxable as ordinary income to the corporation under the tax benefit principle.[5]

We hold that the amount received was taxable as ordinary income.

Plaintiff alleges that the transfer of the rental items to the buyer was a "sale" of Section 337(b)(1) "property." He contends that it must follow that the "clear and unambiguous" provisions of Section 337(a) require that the gain

---

1. Items already placed into use, although not used up, were not so credited.

2. *"Gain or loss on sales or exchanges in connection with certain liquidations*
   *"(a) General rule.—If—*
   "(1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and
   "(2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims,
   then no gain or loss shall be recognized to such corporation, from the sale or exchange by it of property within such 12-month period.
   *"(b) Property defined.—*
   "(1) *In general.*—For purposes of subsection (a), the term 'property' does not include—
   "(A) stock in trade of the corporation, or other property of a kind which would properly be included in the inventory of the corporation if on hand at the close of the taxable year, and property held by the corporation primarily for sale to customers in the ordinary course of its trade or business * * *.

"(2) *Nonrecognition with respect to inventory in certain cases.*—Notwithstanding paragraph (1) of this subsection, if substantially all of the property described in subparagraph (A) of such paragraph (1) which is attributable to a trade or business of the corporation is, in accordance with this section, sold or exchanged to one person in one transaction, then for purposes of subsection (a) the term 'property' includes—
   "(A) such property so sold or exchanged * * *."

3. All section references hereinafter are to the Internal Revenue Code of 1954.

4. These include rental items which had already been placed into use, but still had remaining serviceable life. *See* note 1 *supra.*

5. For a thorough discussion of the "tax benefit rule" and its applicability to Section 337 liquidations, *see* O'Hare, Statutory Nonrecognition of Income and the Overriding Principle of the Tax Benefit Rule in the Taxation of Corporations and Shareholders, 27 Tax L.Rev. 215, 222–233 (1972).

from the transfer of these items *not* be recognized to the corporation and that the tax benefit rule is inapplicable.

We agree both that the rental items are "property" under Section 337(b) (1) and that the transfer to the buyer was a "sale." We further concur that if the "gain" had been realized from the "*sale*," it should not have been recognized. However, we feel that the "gain" was not realized from the "sale," but rather from reconverting the previously expensed items into "property." [6]

As noted above, Service had previously expensed these rental items, so that they were no longer shown on Service's books and records as assets. "The expense deduction as permitted by regulation is intended to reflect the cost of [items] *actually* consumed during the taxable year * * *." Spitalny v. United States, 430 F.2d 195, 197 (9th Cir.1970). Normally, the advantage Service gained through the full expensing of these items in one year would have been balanced by the lack of deduction therefor in the following years. However, the effect of the liquidation is to destroy this balance. Plaintiff's

> assignment of a zero basis to expensed items is not in response to adjustments in valuation. It amounts, rather, to a present fictional conversion of that "property" into a consumed item of expense. If the [rental items] are to revert to "property" they should be reconverted. They should not at the same time be property and still retain attributes of a fictional nonentity.

*Id.* at 198. *Accord,* Connery v. United States, 460 F.2d 1130 (3rd Cir., 1972); *see* Commissioner of Internal Revenue v. Anders, 414 F.2d 1283 (10th Cir.) cert. denied, 396 U.S. 958, 90 S.Ct. 431, 24 L. Ed.2d 423 (1969); Murray, "Developing Uncertainties in Section 337 Liquidations—The Tax Benefit Rule and Other

Problems," 23 Tax Lawyer 181, 183 (1969).

This reconversion of an expensed item into property is accomplished by use of the "tax benefit rule." Simply stated, the "tax benefit rule" requires the inclusion, in taxpayer's income, of an amount which represents a recovery of an item previously deducted, to the extent that the previous deduction was of benefit to him. *See* Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 505–506, 64 S.Ct. 239, 88 L.Ed. 248 (1943); Estate of William H. Block, 39 B.T.A. 338 (1939), aff'd, Union Trust Co. of Indianapolis v. Commissioner of Internal Revenue, 111 F.2d 60 (7th Cir.), cert. denied, 311 U.S. 658, 61 S.Ct. 12, 85 L.Ed. 421 (1940).

Although the "tax benefit rule" usually has been applied where the deduction giving rise to the tax benefit and the recovery occur in different taxable years, it is equally applicable where the deduction and the recovery occur in the same taxable year. Spitalny v. United States, *supra*, 430 F.2d at 198; *see* Commissioner v. Anders, *supra*.

In this case, the "tax benefit rule" gives "to the property sold its true basis as property and den[ies] to it the benefit of an adjusted basis which is false and distorting * * *." Spitalny v. United States, *supra*, 430 F.2d at 198; *see* Bishop v. United States, 324 F. Supp. 1105 (M.D.Ga.1971); S. E. Evans, Inc. v. United States, 317 F.Supp. 423 (W.D.Ark.1970). The "tax benefit rule" requires Service to recognize as ordinary income the $117,000 received for the rental items, not as "gain" from the "sale," but as reconversion of the previously expensed items into "property."

We find that plaintiff is not entitled to recover. Therefore defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.

6. *I. e.,* the gain was realized from reversing the fictional expensing of the rental items.