Morris MAGER and Dorothy Mager,
his wife, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 79–253.

United States District Court,
M. D. Pennsylvania.

Jan. 30, 1980.

Jerry B. Chariton, Wilkes–Barre, Pa., for plaintiffs.

Joseph F. Cimini, Asst. U. S. Atty., Scranton, Pa., Thomas M. Lawler, Jr., Trial Atty., Dept. of Justice, Tax Division, Washington, D. C., for defendant.

## OPINION

CONABOY, District Judge.

This matter is before the Court on Plaintiffs' and Defendant's cross motions for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Appropriate briefs and supporting affidavits were filed and argument heard on January 28, 1980. The Court finds that there is no genuine dispute as to any material fact involved in this litigation and that the motions for summary judgment are therefore appropriate. After full consideration of the positions of the parties, the Court will enter judgment in favor of the Defendant, United States of America.

The issue before the Court here is whether Plaintiffs can under I.R.C. § 1033(a) defer payment of taxes on compensation paid them for loss of their home under the Eminent Domain Code of Pennsylvania, when they also took a casualty loss for the destruction of their home in the Agnes Flood of 1972 on their 1968 and 1971 tax returns. The Government contends the Tax Benefit Rule prohibits such deferment or non–recognition.

The Plaintiffs in this action were the owners of a property designated as 272 James Street in Kingston, Pennsylvania and resided therein until their home was totally destroyed by a flood known and recognized as the "Flood Agnes" on or about June 23, 1972.

The Plaintiffs' residence was not insured against loss by flooding nor did the Plaintiffs have any other source of compensation or reimbursement for damages caused by the flood to their residence. The Plaintiffs therefore claimed and were allowed a casualty loss deduction for the destruction of their residence pursuant to Section 165(c)(3) of the Internal Revenue Code for the years 1971 and 1968 in a total allowed amount of $41,831.00.

Subsequent to these occurrences, on or about October 8, 1974, the Redevelopment Authority of Luzerne County, Pennsylvania, pursuant to Pennsylvania Statute Annotated tit. 26 § 1–602(c) (1972), as amended September 27, 1973, instituted condemnation proceedings against the Plaintiffs' flood–damaged property. Parenthetically we point out that the 1973 Amendment to the Eminent Domain Code passed subsequent to the flood, provided that in condemnation of any property damaged by the flood, the damage resulting from the flood would be excluded in determining the fair market value of the owner's property inter-

est immediately prior to the condemnation. The avowed purpose of this amendment to the Eminent Domain Code was to allow for full compensation to property owners for losses sustained when their residences were destroyed by the flood. As a result of this condemnation, on May 9, 1975, the Plaintiffs were awarded $50,000 in condemnation against the Redevelopment Authority of Luzerne County for the value of their destroyed home.

Because of this award, the Government claims that the Plaintiffs must restore the $41,831.00 loss claimed on the 1968 and 1971 income tax returns to the 1975 tax return as income. The Government argues that the Casualty Loss Provision, § 165, under which the deduction was taken in the years 1968 and 1971, requires under Treas.Reg. 1.165–1(d)(2)(iii) (1974) that the taxpayers must restore the $41,831.00 to their income in 1975 because it was in fact recovered in that year through the condemnation grant.

The taxpayers (who have in fact made a protested payment of the taxes assessed by the Government) argue that they are entitled to reimbursement of the tax paid under protest, alleging that the gain realized by them as a result of the 1975 condemnation was deferrable under I.R.C. § 1033(a). This section allows deferral of payment on any gain where the proceeds of such a payment are reinvested in other real estate in an amount in excess of the original award. There is no argument that the Plaintiffs have satisfied all the prerequisites to electing a deferral of gain under I.R.C. § 1033 but the Government contends and argues that I.R.C. § 1033 cannot be applied in this case because of the taxpayers' original use of the casualty loss as a deduction in 1968 and 1971 under I.R.C. § 165(c).

The Government argues that the tax benefit rule has been consistently held to override other non–recognition of gain provisions of the Code. The taxpayers argue that there has been no specific holding that the Tax Benefit Rule overrides the non–recognition allowed in I.R.C. § 1033. The tax-

payers further argue that to allow the Tax Benefit Rule to override the non–recognition claimed under § 1033 would essentially deny a specific exemption allowed to the taxpayers. The Government on the other hand argues that this is not really the question involved in this action, but instead contends that the condemnation award itself represented recovery of a previously deducted casualty loss, and that any such recovery must, under § 165, be included as income in the year in which it was received.

Cases brought under the Income Tax laws of this country are at best confusing and at worst, beyond understanding. In the midst of forms and rules and regulations interpreting the rules, and reports and corrected reports of agents, we have strived to keep the issues in this case simple. Nonetheless, we have been referred to and did review any number of regulations and rules which counsel have cited as either being pertinent or exemplary, bolstering their arguments. We have looked at numbers, too, as we were referred to "casualty loss deductions"–"cost basis"–"acquisition costs"–"unrecovered losses"–"forgiven losses"–"carryback and carry over"–"non–recognized gain"–"unusual recovery exclusion"–"tax benefit rule", etc.

The Government originally filed a notice of deficiency on a $27,854 gain by taxpayers, based on taxpayers' figures of a net of $46,500 from the condemnation, less $18,-637.00 used as an alleged base value of their property. The Government later claimed this was an error and the appropriate claim should be for the recovery of the full amount of the 1968 and 1971 deduction or $41,837.00. The Government acknowledges however, this latter claim of additional tax liability is barred by the Statute of Limitations, and thus recovery sought is determined by adding the $27,854.00 to the taxpayers' 1975 return.[1]

Counsel have not provided, nor has the Court's own research uncovered, any case specifically considering the question whether or not the concept of non–recognition of

1. The taxpayers paid this additional assessment and late payment and interest attach- ments, and now sue to recover $17,808.76 plus interest.

gain under § 1033(a) is overridden, as such, by the Tax Benefit Rule.

In Cases requiring similar logic, several courts have interpreted I.R.C. § 337, which allows corporations to take deductions for expenses in some years, only to be required to report any reimbursement for the same items in a later year. See *Commissioner v. Anders*, 414 F.2d 1283 (10th Cir., 1969), cert. denied 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423, rehearing denied, 396 U.S. 1031, 90 S.Ct. 550, 24 L.Ed.2d 528 (1970); *Spitalny v. United States*, 430 F.2d 195 (9th Cir., 1970); *Connery v. United States*, 460 F.2d 1130 (3d Cir., 1972); and *Anders v. United States*, 462 F.2d 1147, 199 Ct.Cl. 1 (1972), cert. denied, 409 U.S. 1064, 93 S.Ct. 557, 34 L.Ed.2d 517 (1972), rehearing denied, 410 U.S. 947, 93 S.Ct. 1354, 35 L.Ed.2d 617 (1973). Courts in these situations have uniformly held that the proceeds of a latter year sale are taxable as ordinary income to the extent they resulted in a tax benefit in the prior years.

The reasoning in these cases goes to the very heart of the "annual" type of tax collection envisioned by the Internal Revenue Code. Collecting and assessing taxes at relatively short intervals is beneficial to taxpayer and tax collector alike. But it also develops situations where a taxpayer may validly claim as a loss in a given year, an item which will be entirely or partially reimbursable in a succeeding year. To allow that taxpayer to escape tax on such income, simply because it was delayed in receipt, would be neither fair nor logical.

Applying this reasoning to the present case, we see, as did Judge Tannenwald, in the *Estate of David B. Munter, et al. v. Commissioner*,[2] that the appropriate method to resolve the issue in this case is to focus on three elements, (1) an amount previously deducted, (2) which resulted in a tax benefit, and (3) was recovered during the taxable year in issue. When we do, the Government's right to recover (summary judgment) is clear. Plaintiffs did (1) deduct the full amount of their property loss occasioned by the flood from their 1968 and 1971 income taxes; (2) they did receive a tax benefit; and (3) they did recover more than the full amount of their deduction by way of the condemnation award.

Applying the law, and the foregoing reasoning, as we see it, to the facts of this case, as we find them, we find Plaintiffs are not entitled to summary judgment, and the Defendant is entitled to summary judgment, and an appropriate order will be so entered.

---

**2.** See Docket Nos. 8178–71, 1534–72, 63 T.C. 663 (1975).