R. G. ROBINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARTHA G. ROBINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14503, 14504. Promulgated February 28, 1949.

*Joseph Barnwell Phelps, Esq.,* for the petitioners.
*Stanley B. Anderson, Esq.,* for the respondent.

OPINION.

HILL, *Judge*: In their opening statement at the hearing and on brief petitioners contended that the determination of any deficiency in this proceeding is barred by the expiration of the period of limitation upon assessment and collection as provided by section 275 (a), Internal Revenue Code. The statute was sought to be invoked with reference to the $10,000 deduction claimed in 1942. Since this issue was not raised in either the original petitions or the amended petitions, the statute of limitations is unavailable to petitioners as a defense against any assessment and collection herein. *United Business Corporation of America*, 19 B. T. A. 809; affd., 62 Fed. (2d) 754. However, even if the question had been presented properly, we should still sustain the respondent, on the authority of *Lawrence W. Carpenter*, 10 T. C. 64; *Fred B. Snite*, 10 T. C. 523; *William W. Todd*, 10 T. C. 655.

The petitioners next contend that they are entitled to deduct the amount of $10,000 from their gross income for 1942 as a loss under section 23 (e) of the Internal Revenue Code. Such loss, it is claimed, arose through petitioner's releasing to the owners of the land upon which the timber involved was located his right to cut any more of the timber, "in consideration for a release of all claims that Kelly [one of the owners of the land] might have against him * * * "

The respondent argues that that amount is not so deductible, pointing out, among other things, that the amount of $29,000 which petitioner R. G. Robinson paid for the timber rights he purchased in 1939 "was deducted [from the net sales of the business involved] as cost of sales during the years 1939, 1940 and 1941," and that by 1942 they had recovered their entire cost basis over those years. He adds that, since the basis was recovered in prior years, no further loss is allowable for the taxable year, even if it is contended and shown that previous deductions allowed did not result in a tax benefit. *Exchange State Bank*, 8 T. C. 721.

The tax returns filed by petitioner clearly show that the $29,000 representing the cost of the timber purchased in 1939 was recovered through including such sum in the cost of sales in 1939 and 1940. A schedule attached to the 1939 return filed by petitioner shows that he purchased 5,188,596 feet of stumpage and logs in 1939 for $30,737.40, which included the $29,000 above mentioned, and that in 1939 he de-

ducted $16,548.76, which represented the cost of 2,742,276 feet of stumpage, from the net sales of the timber-cutting operation involved for that year. A schedule attached to petitioner's 1940 tax return shows that he deducted from net sales for 1940 the amount of $14,188.65 representing the cost of 2,446,320 feet of stumpage. Hence, it is apparent that by the end of the taxable year 1940 petitioner's tax return showed that he had recovered the entire amount which was expended for the purchase of the timber-rights involved.

Indeed, petitioner admits that the above mentioned returns do so indicate. It is stated in petitioner's brief that "it is true that the $29,000 representing the cost of the timber was shown as cost of goods sold," but it is argued that the returns "incorrectly reflected that the cost of $29,000 was written off and actually such writing off was in error."

In an attempt to prove such contention petitioner has submitted in his brief statistical compilations. These have not convinced us, however, that the entries shown on the schedules attached to petitioner's tax returns were erroneous and we are of opinion that petitioners have failed to overcome the presumption of prima facie correctness attaching to the respondent's determination that the cost basis of the timber rights was previously recovered.

It follows that respondent's determination must be sustained.

*Decisions will be entered for respondent.*