## McGILL v. OKLAHOMA TAX COMMISSION.

### No. 34979.

Supreme Court of Oklahoma.

April 21, 1953.

Rehearing Denied July 7, 1953.

· Will T. Wright, Enid, for · plaintiff in error. ·

R. F. Barry, E. J. Armstrong, W. F. Speakman and R. E. Thompson, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

The plaintiff in error, Marjorie McGill, in her capacity of administratrix of the estate of John D. McGill, deceased, filed a claim in the amount of $723.70 with the Oklahoma Tax Commission for the refund of estate taxes paid by virtue of the latter's order assessing estate taxes on her return as "transferee" of Mr. McGill. The Commission, following a hearing, denied the claim and from its order denying same, this appeal was perfected.

The claim for refund was presented on a stipulation of facts which incorporated as Exhibits the estate tax return filed by Marjorie McGill as "transferee" of John D. McGill, the Commission's order assessing taxes which was based · thereon and the claim for refund. The stipulation shows that in 1948 and 1949, John D. McGill transferred by gift to Marjorie McGill, his daughter, that portion of his estate which was referred to in the latter's estate tax return. It is stipulated that all of said transfers were in contemplation of death. In connection with the 1948 transfers, Mr. McGill filed a gift tax return with the Federal Government and paid a gift tax in the amount of $4,015.47. A claim for the refund of $1,171.51 of this tax was filed with the Commissioner of Internal Revenue after Mr. McGill's death and was undisposed of at the time the Commission heard the claim for refund involved herein. The Commission claims that the value of the claim for a refund so filed with the Federal Government forms a taxable portion of John D. McGill's estate and the tax thereon

and the tax due on any other assets that were omitted in Marjorie McGill's return to it could be used to offset any tax that might have been overpaid. A gift tax return showing a gift tax in the amount of $4,594.23 was filed with the Federal Government in connection with the 1949 transfers but this tax was unpaid at Mr. McGill's death. It is this unpaid tax that the administratrix asserts she was entitled to deduct in computing the net estate tax on the estate of Mr. McGill which she returned as Mr. McGill's "transferee".

Following Mr. McGill's death which occurred September 9, 1949, and on November 15, 1949, Marjorie McGill, as his "transferee" filed an estate tax return with the Commission. On November 19, 1949, the Commission accepted the return as filed and made an order assessing taxes in the amount of $2,796.02, which tax was paid without protest on November 26, 1949.

In October 1950, proceedings were instituted in the County Court of Garfield County, Oklahoma, for the purpose of probating the estate of Mr. McGill and on October 31, 1950, Marjorie McGill was appointed administratrix of the estate. The next day she filed the claim for refund that is here involved.

The substance of the claim for refund and the administratrix' contention is that she in making the estate tax return, as transferee, over valued a farm to the extent of $7,500, and failed to deduct $4,594.23 due as Federal taxes on the 1949 gifts; and that $500 paid by her as administratrix to her present attorney in connection with the probate proceedings can now be deducted. The aggregate amount of the several items above named is $12,594.23, on which value the administratrix asserts a tax of $723.07 was paid and should be refunded.

It is provided in Sec. 989m, Title 68 O.S.A., that the "executor, administrator, trustee, devisee, heir or transferee" shall file an estate tax return. The only return filed in the instant case was Marjorie McGill's return as "transferee".

The claim in this case was filed under the 1943 Act of the Legislature that now appears as Section 13.1 to 13.7, inclusive, Title 68 O.S.1951. As we read the Act, the provisions thereof do not relieve one seeking a refund for taxes thereunder of the burden of making such proof as will develop his true tax liability and thereby show that the tax owed is less than the tax paid. In Reinecke v. Spalding, 280 U.S. 227, 231, 50 S.Ct. 96, 98, 74 L.Ed. 385, the rule that we believe governs actions of this kind is stated as follows:

"(1) This does not accurately state our understanding of the issue. It was necessary for the taxpayer to show the illegality of the exactions. 'The burden of establishing that fact rested upon it, in order to show that it was entitled to the deduction which the Commissioner had disallowed, and that the additional tax was to that extent illegally assessed.' Botany [Worsted] Mills v. United States, 278 U.S. 282, 289, 290, 49 S.Ct. 129, 132, 73 L.Ed. 379; United States v. Anderson, 269 U.S. 422, 443, 46 S.Ct. 131, 70 L.Ed. 347. The real point is whether respondent established her claim for refund by adequate evidence. And we think she did not."

A claim for refund of estate taxes was involved in Hartford Nat. Bank & Trust Co. v. Smith, D.C., 54 F.Supp. 579, 581, and therein, in connection with the burden resting upon the claimant, the court said:

"* * * But obviously to show a lower tax the plaintiffs must prove a lower net estate. Thus in legal effect the plaintiffs have alleged a lower net estate, and this allegation the defendant in Paragraph 3 of the answer has denied. Thus is framed a clear-cut issue of fact as to which, of course, the burden of proof was on the plaintiffs. Cf. Burnet v. Houston, 283 U.S. 223, 51, S.Ct. 413, 75 L.Ed. 991; Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385."

In Philip Mangone Co. v. United States, 54 F.2d 168, 173, 73 Ct.Cl. 239, the court held:

"The burden of proof is upon the plaintiff to establish overpayments. A judgment for overpayments cannot be predicated upon a basis of inferences, * * *."

We now consider the contention of the administratrix relative to her assertion that the net taxable estate, as reported by her, should be reduced in an amount aggregating $12,294.23.

 It was stipulated that if a certain witness were to testify he would testify that the value of a farm transferred to Marjorie McGill in 1948, was $30,000 and not $37,500 as shown by her return filed with the Commission and this was the only proof offered by administratrix relative to the value of the farm. It was further stipulated that if another witness were to testify he would testify that the value was $37,500 and it was also stipulated that Mr. McGill returned the farm for gift tax purposes as said value, which last-mentioned proof is entitled to considerable weight. Thompson v. United States, D.C., 8 F.2d 175, 176. The evidence on this issue being as stated, the finding of the Tax Commission that the value of the farm for estate tax purposes was $37,500 must stand.

 It is provided in Sec. 989f(H), Title 68 O.S.1951, that costs of administration, including reasonable attorney's fees allowed by the court and paid, may be deducted in computing the net estate subject to estate tax. It is stipulated that payment of the $500 attorney fee which also included accounting services rendered by the attorney, was not allowed by the County Court and for such reason under the plain wording of the statute cannot be deducted. This fee was not paid to the attorney who handled the original tax proceeding and to the contrary, was paid to the administratrix's present attorney long after the tax was paid. The administratrix has not shown how failure to deduct this payment could have resulted through mistake of fact or law where the attorney fee indebtedness was not in existence when the tax was paid.

 It is provided in subsection (B) of Section 989f, supra, that "unpaid Federal gift taxes on gifts made by decedent" can be deducted in computing the net taxable estate but it is provided in subsection (C) of the same section "that Federal estate taxes upon the decedent's estate shall not be deducted." The administratrix asserts that the Federal gift tax of $4,594.23 on the 1949 transfers is deductible because same was levied as a gift tax and was unpaid at Mr. McGill's death, but under Sec. 811(c), Title 26 U.S.C.A., the 1949 transfers were subject to a Federal estate tax because same were made in contemplation of death within two years prior to McGill's death and for said reason the transfers were included under this Federal statute as a taxable portion of Mr. McGill's estate and an estate tax was paid thereon, which tax under Sec. 813(a), Title 26 U.S.C.A., was credited with a portion of the gift tax paid by Mr. McGill on the 1948 transfers. It follows that the tax paid on the assets transferred in 1949 was a Federal estate tax when paid and not a Federal gift tax and the question is whether a gift tax that was never paid as such is deductible because it subsisted up to the death of the donor but not afterwards. A consideration of all of the provisions of Sec. 989f, supra, leads us to believe that the Legislature intended that the debts enumerated therein as being deductible are limited to those that can be enforced against a decedent's estate after death, which is not true of the 1949 gift tax liability because it was a contingent liability that disappeared upon death. And if it can be said to have reappeared, it did so as an estate tax and such a debt is not deductible. The case of Smith v. Shaughnessy, 318 U.S. 176, 63 S.Ct. 545, 87 L.Ed. 690, furnishes a broad basis for our construction. It was there pointed out that where a gift tax is paid on transfers in comtemplation of death, it merely constitutes a "down payment" on the estate tax that is subsequently imposed on the transfers. This principle is recognized in Sec. 813, supra, where it is provided that estate taxes shall, to the extent of a formula therein provided, be credited with gift taxes paid by a donor on transfers in contemplation of death. There was no mistake of law in Commission's refusal to deduct the $4,594.23.

 One seeking a refund of taxes under Title 68 O.S.1951 §§ 13.1 to 13.7 must show what the true tax liability is, and show that through mistake of fact, compu-

tation of law the tax paid by him is greater than the liability imposed upon him; and an administratrix of estate of a decedent, seeking to recover alleged overpayment of estate taxes, has burden of proving that net estate was lower than amount on which estate tax was assessed.

The administratrix's claim for refund was not sustained by burden of proof.

Order sustained.

HALLEY, C. J., and CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

WELCH, DAVISON and O'NEAL, JJ., dissent.