Mose DUBERSTEIN and Sylvia Duberstein, husband and wife, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13646.

United States Court of Appeals
Sixth Circuit.
April 8, 1959.

Sidney G. Kusworm, Dayton, Ohio, for petitioners.

Charles B. E. Freeman, Dept. of Justice, Washington, D. C., Andrew F. Oehmann, Acting Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Arthur I. Gould, Attys., Dept. of Justice, Washington, D. C., on the brief, for respondent.

Before MARTIN, Chief Judge, MILLER, Circuit Judge, and O'SULLIVAN, District Judge.

O'SULLIVAN, District Judge.

The sole question in this case is whether a Cadillac automobile received by the taxpayer Duberstein in the year 1951 from Mohawk Metal Corporation, was a gift or taxable income. The Tax Court found that it was not a gift, and affirmed the action of the Commissioner of Internal Revenue in assessing a deficiency against Duberstein by including in his 1951 income the sum of $4,250.00, the fair market value of the Cadillac.

Duberstein was President of Duberstein Iron and Metal Company of Dayton, Ohio, and Morris Berman was President of Mohawk Metal Corporation of New York. These two corporations had done business with each other in the buying and selling of various metals over a period of years. Duberstein and Berman were personally acquainted. On some occasions when these two corporate officers were talking to each other, Berman would ask questions about names of consumers who used various chemicals. Duberstein gave Berman the names of such consumers known to Duberstein. At some time in the year 1951, Berman called Duberstein and told him that some of the information given to Berman was so helpful that he felt he wanted to give Duberstein a present. He stated that he had a Cadillac car for Duberstein and requested him to come to New York to receive it as a gift. At that time, Duberstein advised Berman that he did not feel Berman or the company owed him anything, that he had not expected anything for the information given to Berman, and had not intended to be compensated. He testified that Berman insisted he accept the Cadillac car. Duberstein did so. No further conversations were had between Duberstein and Berman, after receipt of the car, concerning the question of whether it was a gift or was taxable compensation. It was undisputed that Duberstein was not an employee of the Mohawk Metal Corporation and that there was no understanding or agreement between him and Mohawk Metal Corporation that he was to be compensated in any way for information given Berman.

In 1954, an agent of the Internal Revenue Department got in touch with Duberstein and stated his intention to charge Duberstein with receipt of income in 1951 in the amount of the fair market value of the Cadillac. Duberstein referred the matter to his accountant, one Flagel, who then learned that Mohawk Metal Corporation had deducted as expense the value of the Cadillac car on its tax return for 1951, classifying the item as a "finder's fee" paid to Duberstein. Mr. Flagel wrote several letters to Berman concerning the matter, but got no response. He then contacted one Gorin, the accountant who prepared the income

tax return for Mohawk Metal Corporation. Evidence was received by the Tax Court that when Gorin, Mohawk's accountant, prepared the 1951 tax return for the corporation, he discussed the matter of this Cadillac automobile with Berman. He gave Flagel the following account of his talk with Berman:

"Well, he had talked with Mr. Berman and explained to Mr. Berman that if the Cadillac was recorded as a gift, it would not be deductible as such. Mr. Berman wanted to know how it would be deductible."

The Tax Court concluded as follows:

"Upon this record, we conclude that petitioners have failed to carry the burden of proving that the automobile was a gift. The only justifiable inference is that the automobile was intended by the payor to be remuneration for services rendered to it by Duberstein."

It bottomed its decision primarily upon its finding that, "the record is significantly barren of evidence revealing any intention on the part of the payor to make a gift."

■ We believe that the taxpayer met his burden of proof and that any presumption in favor of the correctness of the Commissioner's assessment disappeared when met by uncontradicted evidence that the Cadillac automobile was a gift. The Tax Court was of the opinion that there was no evidence introduced by taxpayer as to the donor's donative intent. In this, we think the Tax Court disregarded the effect of the uncontradicted testimony. It was not necessary to bring in the donor, himself, to prove his donative intent. The taxpayer's uncontradicted evidence gave an account of what was said and done at the time the event occurred. The intent that then prevailed should control the character of the transfer. Duberstein testified as follows:

"He (Mr. Berman) told me that due to the fact that I—information that I had given him was so helpful, that he felt that he wanted to give

me a present. I told him he didn't owe me anything. And he said, well, he had a Cadillac car as a gift, and I should send to New York to receive it, which I finally did. But I told him he owed me nothing, and I didn't expect anything for the information, and I didn't intend to be compensated, but he insisted and I accepted this Cadillac car."

The foregoing is clear and distinct evidence of the donative intent of Berman at the time that arrangements were made to deliver the Cadillac car. This evidence was not impeached, and we think the Tax Court was in error in its assertion that the record was barren of any proof of donative intent. The Tax Court inferred lack of donative intent on the part of Berman because his corporation took the value of the car as a business expense, classifying it as a "finder's fee". If, in fact, there was donative intent at the time of the event involved, a subsequent change of mind by the donor at income tax time, cannot change the character of what was, in fact, a gift at the time it was made. The evidence received as to the conversation between the accountants for Duberstein and for Mohawk Metal Corporation clearly indicates that treating what had been a gift as a business deduction was either an afterthought or a change of mind on the part of Berman.

"He * * * explained to Mr. Berman that if the Cadillac was recorded as a gift it would not be deductible as such. Mr. Berman wanted to know how it would be deductible."

■ The foregoing strongly indicates that even at the time of the discussion with his accountant, Mr. Berman was talking about this Cadillac as a gift. The fact that a decision may then have been made to label it as a "finder's fee" and claim it as a deduction, does not change the original character of the transaction. The Government offered no evidence to contradict Duberstein.

The appropriate rule has been stated by this Court in an Opinion by Judge Denison in the case of Rookwood Pottery

Co. v. Commissioner of Internal Revenue, 6 Cir., 45 F.2d 43, 45:

"We see no reason why the taxpayer did not make its case when it put in proofs clearly and distinctly tending to show this value; and when the proofs so introduced remained unchallenged by contrary proofs or by destructive analysis, it was the duty of the commissioner to decide the issue in accordance with the proof then appearing before him; and it was, we think, the duty of the board to take the same view."

In the case of Lunsford v. Commissioner of Internal Revenue, 6 Cir., 62 F.2d 740, 742, this Court reaffirmed this principle in a case very much in point with the case at bar. There the question was whether or not a payment was a gift or compensation. Speaking for this Court, Judge Simons said:

"We have repeatedly held that the taxpayer has made out his case when he has put in proofs 'clearly and distinctly tending to show' a determining fact. * * * The presumption that the Commissioner is right is procedural and cannot survive such proofs unless they are challenged by contrary proofs, or destructive analysis, and we have gone so far as to say that the taxpayer's affirmative evidence may itself contain the necessary challenge and furnish the material for such analysis."

We find that the taxpayer's evidence clearly and distinctly offered proof that the Cadillac car was, in fact, a gift. It was not challenged by contrary proofs or destructive analysis.

It may be contended that in such a case as this we should add suspicion to presumption of correctness to aid the Commissioner's assessment of a deficiency. This we can not do. These matters should be decided on evidence. In the case of Lunsford v. Commissioner, supra, Judge Simons characterized such attitude as follows:

"At most, the Board's finding rests upon mere suspicion, upon an inference that generosity of the kind here involved is so rare that it must necessarily from that fact alone be suspected."

We hold that the taxpayer met his burden of proof that the Cadillac was a gift, and the decision of the Tax Court is, accordingly, reversed.

MARTIN, Chief Judge (dissenting).

As I view this case, there was ample circumstantial evidence to support the Commissioner of Internal Revenue and the Tax Court in finding that the appellant received the Cadillac automobile, not as a gift, but for the valuable consideration of services rendered. I am, therefore, unable to concur in the majority opinion.