THE ESTATE OF GRACE E. LANG, DECEASED; RICHARD E. LANG, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 7777-72, 8176-72.     Filed June 12, 1975.

*George W. Steers and William C. Ruthford,* for the petitioner.
*Thomas N. Tomashek,* for the respondent.

### OPINION

HALL, *Judge:* Respondent determined the following deficiencies:

#### GIFT TAX—DOCKET NO. 7777-72

| Year | Deficiency | Penalty— sec. 6651(a)[1] |
|---|---|---|
| 1965 | $4,560.00 | $1,140.00 |
| 1966 | 4,575.86 | 1,143.97 |
| 1968 | 5,770.39 | 0 |

#### ESTATE TAX—DOCKET NO. 8176-72

| Date of death | Deficiency |
|---|---|
| 6/10/68 | $224,746.31 |

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.

The issues that remain for decision are:

(1) Whether decedent's estate is entitled to a deduction from the Federal gross estate for State gift taxes paid after decedent's death;

(2) Whether decedent made gifts to her son Howard equal to the amount of certain loans to Howard when she permitted the statute of limitations on the loans to expire preventing their collection, or if not, whether the amount of the loans should be included in decedent's gross estate; and

(3) Whether, if the decedent made gifts, the petitioners are liable under section 6651(a) for penalties for failure to file Federal gift tax returns.

All the facts have been stipulated and are found accordingly.

Grace E. Lang, a resident of Seattle, Wash., died testate on June 10, 1968. Petitioner Richard E. Lang, executor for the estate, filed decedent's estate tax return on September 3, 1969, with the District Director of Internal Revenue in Seattle, Wash. Petitioner's legal residence was Seattle, Wash., when he filed the petitions herein.

## 1. *Deductibility of State Gift Tax*

On May 28, 1968, the decedent transferred stocks and bonds, having a value for State of Washington gift and inheritance tax purposes of $2,427,523.49, to an irrevocable trust for the benefit of her three children. Decedent's representative filed a State of Washington gift tax return for decedent and paid the tax on this gift, amounting to $218,031.96, after decedent's June 10, 1968, death. Decedent's representative thereafter filed a Washington State inheritance tax report which included the May 28, 1968, gift in decedent's gross estate as a transfer in contemplation of death. The State inheritance tax, amounting to $671,237.09, was partially satisfied with an allowable credit for the State gift tax paid. The balance was paid in cash on September 11, 1969.

The May 28, 1968, gift was also reported as includable in decedent's gross estate for Federal estate tax purposes. The same values were used. Decedent's executor took a State death tax credit under section 2011 of $671,237.09 against the estate's Federal estate tax liability. Respondent has conceded that

petitioner was entitled to include the State gift tax as part of the State death tax credit. Decedent's executor also claimed a deduction on the Federal estate tax return for gift taxes owed both the United States and the State of Washington resulting from the May 28, 1968, gift. Neither gift tax was paid prior to Mrs. Lang's death. Respondent allowed the deduction for Federal gift tax purposes but disallowed the deduction for the State gift taxes.

Petitioner claims the estate is entitled to deduct State gift taxes incurred prior to decedent's death which were a claim against the estate and paid after decedent's death. Section 2053 specifically provides that for estate tax purposes "the value of the taxable estate shall be determined by deducting from the value of the gross estate * * * claims against the estate." Ordinarily there would be no question of the propriety of this garden variety deduction. But the respondent has conceded (whether correctly or not is not in issue in this case) that under the facts of this case for purposes of section 2011 [2] the gift tax is to be treated like an inheritance tax and may be taken as a credit for State death taxes. Therefore, respondent argues, the State gift tax must be treated like an inheritance tax for deduction purposes, and section 2053(c)(1)(B) specifically precludes the deduction of State inheritance taxes. The position respondent takes in this case is based on Rev. Rul. 71-355, 1971-2 C.B. 334.[3] A revenue

[2] Sec. 2011(a) provides:

* * * The tax imposed by section 2001 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent).

[3] Rev. Rul. 71-355 provides:

Advice has been requested whether state gift taxes due but not paid prior to the donor-decedent's [sic] death are deductible from the gross estate pursuant to section 2053 of the Internal Revenue Code of 1954, under the circumstances described below.

Six months before his death the decedent made substantial gifts of property to his children. By reason of these *inter vivos* transfers, the decedent became liable for state gift taxes that had not been paid at the time of his death. After the decedent's [sic] death, his executors filed the state gift tax return and paid the taxes shown thereon to be due.

Subsequently, the executors filed a state inheritance tax return in which the donated property was included as a part of the decedent's gross estate as property transferred in contemplation of death. The gross amount of the state inheritance tax found to be due was satisfied partly through an allowable gift tax credit for the state gift taxes paid by reason of the above-mentioned gifts. The remainder was paid in cash. Under the applicable state law, any gift tax paid on gifts which are included in the donor-decedent's gross estate constitutes an advance payment of state inheritance tax.

The value of the donated property was also includible as a part of the decedent's gross estate for Federal estate tax purposes. The executors claimed the state death tax credit granted by section 2011 of the Code against the Federal estate tax, based upon the gross

ruling, without more, of course, is simply the contention of one of the parties to the litigation, and is entitled to no greater weight.[4] *Stubbs, Overbeck & Associates v. United States*, 445 F. 2d 1142, 1146-1147 (5th Cir. 1971); *D. B. Anders*, 48 T.C. 815, 821 (1967), revd. on other grounds 414 F. 2d 1283 (10th Cir. 1969), cert. denied 396 U.S. 958 (1969).

We find nothing in the statute, the regulations, the legislative history, or the cases supporting respondent's denial of the deduction by the estate of the State gift taxes in issue. On the contrary, the deduction is specifically supported by the statute (section 2053(a)(3)), and the regulations (section 20.2053-6(d)).

---

amount of state inheritance tax *before* the application of the state gift tax credit. The state taxing authority certified payment on behalf of the decedent's estate of inheritance taxes in this amount (the state gift tax was, by reason of state law, an advance *payment* of state inheritance tax). The first question is whether the gift tax paid is allowable as a state death tax credit under section 2011 of the Code. The second question is whether a deduction is also allowable from the gross estate under section 2053 of the Code for the same amount as state gift taxes paid.

Section 2011 of the Code provides that a credit shall be allowed against the Federal estate tax for any estate, inheritance, legacy or succession taxes actually paid to any State or Territory, or the District of Columbia, in respect of any property included in the gross estate.

Section 2053(a) of the Code provides that, for purposes of the tax imposed by section 2001 of the Code, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts for claims against the estate as are allowable by the laws of the jurisdiction under which the estate is being administered. Section 20.2053-6(d) of the Estate Tax Regulations provides that unpaid gift taxes on gifts made by a decedent before his death are deductible as claims against the estate. On the other hand, section 2053(c)(1)(B) of the Code, as implemented by section 20.2053-6(c) of the regulations, specifically provides that no estate, succession, legacy or inheritance tax payable by reason of the decedent's death is deductible as a claim against the estate, except under a very limited situation not involved herein.

A credit is allowed under section 2012 of the Code against the Federal estate tax for *Federal* gift tax paid on a gift by the decedent of property subsequently included in his gross estate. There is no provision, however, for a credit for state gift taxes paid.

Under the circumstances of this case, the state gift tax paid on the transfer of property that was subsequently included in the decedent's gross estate became, by reason of state law, an advance payment on the state inheritance tax assessed against the estate. When certified as such by the state taxing authority, it is held that the amount of the payment is allowable as a credit against the Federal estate tax as provided by section 2011 of the Code.

Since the provisions of section 2053(c)(1)(B) of the Code preclude the deduction of death taxes, it is further held that where, under state law, state gift taxes paid after the donor-decedent's death are regarded as prepayments of state inheritance taxes, such payments cannot be deducted from the value of his gross estate.

[4] Revenue rulings, unilaterally issued by respondent, do not rise to the dignity of those "rules and regulations" which under the authority of sec. 7805(a) are prescribed by respondent "with the approval of the Secretary." Sec. 301.7805-1(a), Proced. & Admin. Regs. A long-continued administrative interpretation, whether reflected by revenue ruling or otherwise, may of course achieve the force of law when it interprets a statute which has been reenacted unchanged after such interpretation was expressly called to congressional attention. See *United States v. Correll*, 389 U.S. 299 (1967). Needless to say, this is not the case here.

Respondent allowed the State gift tax as part of the State death tax credit on the theory that it was somehow transformed into an inheritance tax by the State's permitting it to be treated as an advance payment on State inheritance tax due. The respondent's allowance of the State gift taxes to be credited as though they were State inheritance taxes may or may not have been improvident, but such allowance cannot now be used as the mechanism whereby respondent treats what are admittedly State gift taxes, unconditionally payable before and without regard to death, as State inheritance taxes. State inheritance taxes specifically are not deductible from the gross estate under section 2053(c)(1)(B). We find no authority, other than respondent's own ruling, for treating a State gift tax as a constructive State inheritance tax, and we decline to do so. The Federal tax law is confusing enough with its constructive dividends, constructive receipt, et cetera, without our recognizing a constructive State inheritance tax merely because the parties so treated a State gift tax for State death tax credit purposes.

We recognize that our decision in this case gives decedent's estate a double advantage for State gift taxes paid, namely, a credit and a deduction. However, in this case the Federal gift taxes paid by the estate on the decedent's gift in contemplation of death were allowed both as a credit against the estate tax (section 2012) and as a deduction as a debt of decedent (section 2053). Regulations section 20.2012-1(a) so provides:

Sec. 20.2012-1 Credit for gift tax—(a) *In general.* A credit is allowed under section 2012 against the Federal estate tax for gift tax paid under chapter 12 of the Internal Revenue Code, or corresponding provisions of prior law, on a gift by the decedent of property subsequently included in the decedent's gross estate. *The credit is allowable even though the gift tax is paid after the decedent's death and the amount of the gift tax is deductible from the gross estate as a debt of the decedent.* [Emphasis added.]

Moreover, if the gift tax (State or Federal) had been paid prior to death, thereby reducing the amount of the gross estate by the amount of the gift tax paid, and the gift were includable in the estate as a gift in contemplation of death, both the Federal gift tax credit and the State inheritance tax credit (under the concession of respondent) would, we believe, clearly have been allowable. Respondent does not deny that the Federal gift tax paid prior to death, with respect to a gift in contemplation of death, is not includable in the donor's gross estate. However,

respondent, in a very recent ruling (Rev. Rul. 75-63, 1975-8 I.R.B. 23), contends that a State gift tax paid under such circumstances becomes "an asset for the benefit of [decedent's] estate and its value is includible in his gross estate." First, Rev. Rul. 75-63 [5] relies on Rev. Rul. 71-355, which we specifically disapprove

[5] Rev. Rul. 75-63 provides:

Advice has been requested concerning the inclusion in the gross estate for Federal estate tax purposes, under section 2033 of the Internal Revenue Code of 1954, of State gift taxes paid by the donor-decedent on gifts of property later included in his gross estate as transfers in contemplation of death.

Nine months before his death the decedent made substantial gifts of property to his children. By reason of these inter vivos transfers, the decedent became liable for State gift taxes. Several months prior to his death, the decedent filed the State gift tax return and paid the taxes shown hereon to be due.

After the decedent's death, his executor filed a State inheritance tax return in which the value of the gifts was included as part of his gross estate as property transferred in contemplation of death. The gross amount of the State inheritance tax found to be due was satisfied partly through an allowable gift tax credit for the State gift taxes paid by reason of the gifts. The remainder was paid in cash. Under the applicable State law, any gift tax paid on a gift that is included in the donor-decedent's gross estate constitutes an advance payment of State inheritance tax.

The value of the donated property was also includible under section 2035 of the Code as a part of the decedent's gross estate for Federal estate tax purposes. A State death tax credit authorized by section 2011 of the Code was allowable against the Federal estate tax, in the gross amount of State inheritance tax before the application of the State gift tax credit, upon certification by the State taxing authority that such gross amount had been paid on behalf of the decedent's estate. See Rev. Rul. 71-355, 1971-2 C.B. 334.

Section 2033 of the Code provides that the value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death. Under section 2053(c)(1)(B), death taxes may not be deducted in determining the value of the decedent's taxable estate.

If an inter vivos transfer originally subject to a State gift tax is ultimately subject to an inheritance tax, the gift tax credit provisions contained in the State's law make the payment of such gift tax tantamount to a prepayment of, or a down payment on, the inheritance tax. *Commonwealth, Department of Taxation* v. *Lewis,* 208 Va. 221, 156 S.E. 2d 589 (1967); *In re Estate of Kirshbaum,* 268 Cal. App. 2d 155, 73 Cal. Rptr. 711 (1968); *cf. McGill* v. *Oklahoma Tax Commission,* 258 P. 2d 1180 (1953); *In re Estate of Shivers,* 105 N.J. Super. 242, 251 A. 2d 771 (1969). An inheritance tax is not a property tax imposed upon a decedent's entire estate and the estate is not primarily liable for its payment; rather, an inheritance tax is a separate succession tax levied against each of a decedent's beneficiaries (or transferees) for the privilege of receiving a share of his estate, either by inheritance, by testamentary disposition, or by certain inter vivos transactions that are regarded by the law as taking effect in possession or enjoyment at the death of the transferor.

If the value of property subject to an inter vivos transfer is later included in the donor-decedent's estate, then the State gift tax liability that arose at the time of the inter vivos transaction is only a contingent liability of the donor that disappears upon his death and reappears as a post-death inheritance tax liability of the transferee(s) of the property. See *McGill,* above. By reason of the privity that exists between the decedent and the transferee of his property, a gift tax payment made by the decedent that becomes a prepayment or downpayment on the inheritance tax liability of his beneficiary constitutes an asset created by the decedent during his lifetime that inures to the benefit of his estate after his death.

A chose in action created by a decent [sic] during his lifetime in favor of, and for the benefit of, his estate is includible in the gross estate as property owned by the decedent at the time of his death. *Estate of Carrie V. Pratt,* 1 CCH Tax Ct. Mem. 627 (1943), *petition for review dismissed* (2d Cir. 1944). In *Pratt* the decedent created during her lifetime an

herein. Second, Rev. Rul. 75-63 relies on certain State court decisions which we find either distinguishable because they deal with the "pick-up" tax [6] òr with which we specifically disagree.[7] Rev. Rul. 75-63 theorizes that the State gift tax paid on a gift in contemplation of death is only a *contingent liability* of the donor that disappears upon his death and/or is transformed into an inheritance tax liability. As a prepayment of inheritance tax, the ruling concludes, the gift tax is an asset of the estate the value of which is includable in the decedent's gross estate.[8] In fact, however, the gift tax is an unconditional liability of the donor, or his estate upon his death. It is due in all events. If the donor or his estate fails to pay the gift tax, penalties are imposed whether the donor lives or dies, and whether or not by the time of death there is any inheritance tax against which to credit it. The gift tax is not rendered a contingent liability by the fact that the inheritance tax, if any, may under certain circumstances be reduced by the amount of the gift tax paid, or due and owing. We

---

otherwise nontaxable trust under the terms of which she directed the trustees to turn over to her executor any amount up to $50,000 necessary to pay State and Federal death taxes. The court concluded that the result of this arrangement was to give to the decedent's estate the benefit of whatever value the claim against the trustee had at her death. This amount was held to constitute an asset includible in her gross estate. Similarly, in those jurisdictions where the lifetime payment of State gift taxes on the transfer of property subsequently included in the donor's gross estate constitutes a prepayment of inheritance taxes, such prepayment by the donor creates an asset the value of which accrues to his estate upon his death.

A donor-decedent who makes a taxable inter vivos gift depletes his estate not only by the amount of the gift, but also by the amount of the gift tax paid by him prior to his death. Where the value of the donated property is later included in the donor-decedent's gross estate by reason of the nature of the transfer, and the State gift tax paid qualifies as a State death tax that, in turn, is allowable as a credit against the Federal estate tax under section 2011 of the Code, the failure to restore the amount of the State gift tax payment to his estate would be tantamount to the allowance of both a deduction and a credit for State death taxes paid. This is a result that Congress clearly intended to avoid by enacting section 2053(c) (1)(B) (which proscribes the deduction of an estate, succession, legacy, or inheritance tax from the gross estate).

Accordingly, the donor-decedent's lifetime payment of State gift taxes on the inter vivos transfers of property later included in his gross estate as transfers in contemplation of death, which payment constituted a prepayment of the State inheritance tax, created an asset for the benefit of his estate, the value of which is includible in his gross estate for Federal estate tax purposes under section 2033 of the Code.

[6] *Commonwealth, Department of Taxation v. Lewis,* 208 Va. 221, 156 S.E. 2d 589 (1967); *In re Estate of Kirshbaum,* 268 Cal. App. 2d 155, 73 Cal. Rptr. 711 (2d Dist. Ct. App. 1968).

[7] *McGill v. Oklahoma Tax Commission,* 258 P. 2d 1180 (1953); *In re Estate of Shivers,* 105 N.J. Super. 242, 251 A. 2d 771 (1969).

[8] The ruling apparently draws no subtle distinction between inheritance tax and estate tax since, as noted, it cites cases involving the "pick-up" tax, which is admittedly an estate tax.

conclude, contrary to Rev. Rul. 75-63, that the State gift tax paid prior to death on a gift in contemplation of death is not an asset the value of which is includable in the gross estate.

The result should be no different where the gift taxes are paid after decedent's death. In the first case the amount of the gift tax paid prior to death is not includable in the gross estate; in the second case the amount of gift tax paid after death is deductible from the gross estate.

Consequently, we hold that the State gift taxes paid are deductible from the gross estate.

### 2. *Loans to Howard as Gifts*

During her lifetime Mrs. Lang made numerous loans to her children. She made the following loans to her son, Howard M. Lang:

| Date made | Amount | Date due |
|-----------|--------|----------|
| May 29, 1962 | $25,000 | On demand |
| Oct. 28, 1963 | 20,000 | On demand |
| Jan. 12, 1966 | 27,500 | Jan. 9, 1971 |
| Jan. 12, 1967 | 22,000 | On demand |
| Dec. 6, 1967 | 30,000 | On demand |

The loans were non-interest-bearing and there is no indication in the record that any of them were evidenced by debt obligations.

Decedent forgave portions of the January 1966 and December 1967 loans and specifically provided in her ledger that the amounts so forgiven were gifts to Howard. The balance of the two loans was included in decedent's gross estate. The parties agree that the January 1967 loan should have been included in decedent's gross estate.

The loans in issue are those made in May 1962 and October 1963. The loans were never repaid by Howard. In 1965 and 1966 the statute of limitations ran on the collection of those loans.[9] These loans were not included in decedent's gross estate. Decedent did not file any gift tax returns in 1965 and 1966 and did not pay any gift tax with respect to these loans.

In her will, decedent forgave any remaining obligations owing to her from Howard.

Respondent contends that decedent made gifts to Howard equal to the amount of the May 1962 and October 1963 loans on

---

[9] See Wash. Rev. Code Ann. sec. 4.16.080 (1962); *Cochran v. Cochran,* 133 Wash. 415, 233 P. 918 (1925).

the dates she permitted the statute of limitations to run on them (May 1965 and October 1966, respectively), and that if she did not make such gifts, then the amounts of these loans should have been included in her gross estate. Petitioner alleges that decedent did not make gifts by simply allowing the statute of limitations to run on these two loans, and that they are not includable in her gross estate because they are uncollectible and hence worthless.

Section 2511 provides that the Federal gift tax shall apply whether the gift in question is "direct or indirect." Regulations section 25.2511-1(c) states in part that "all transactions whereby property or property rights or interests are gratuitously passed or conferred upon another, regardless of the means or device employed, constitute gifts subject to tax." Congress intended to use the term "gift" in its broadest and most comprehensive sense in the gift tax area. H. Rept. No. 708, 72d Cong., 1st Sess., 1939-1 C.B. (Part 2) 457, 476; S. Rept. No. 665, 72d Cong., 1st Sess., 1939-1 C.B. (Part 2) 496, 524. It is not necessary to probe the donor's state of mind with respect to a taxable gift. As the Supreme Court stated in *Commissioner v. Wemyss*, 324 U.S. 303, 306 (1945):

Congress chose not to require an ascertainment of what too often is an elusive state of mind. For purposes of the gift tax it not only dispensed with the test of "donative intent." It formulated a much more workable external test, that where "property is transferred for less than an adequate and full consideration in money or money's worth," the excess in such money value "shall, for the purpose of the tax imposed by this title, be deemed a gift * * *."

Treasury regulations section 25.2511-1(g)(1) provides in part:

Donative intent on the part of the transferor is not an essential element in the application of the gift tax to the transfer. The application of the tax is based on the objective facts of the transfer and the circumstances under which it is made, rather than on the subjective motives of the donor.[10]

___

[10] By contrast see *Commissioner v. Duberstein*, 363 U.S. 278 (1960), revg. and remanding 265 F. 2d 28 (6th Cir. 1959), which reversed a Memorandum Opinion of this Court, considering what constitutes a gift versus taxable income for income tax purposes. The Court therein stated that "analogies and inferences drawn from other revenue provisions, such as the estate and gift taxes, are dubious. See *Lockard v. Commissioner*, 166 F. 2d 409." 363 U.S. at 284. See also *Hamberg v. Commissioner*, 400 F. 2d 435, 438 (9th Cir. 1968). Consider Judge Frank's suggestion in *Commissioner v. Beck's Estate*, 129 F. 2d 243, 246 (2d Cir. 1942), where he stated:

"At the bottom of respondents' contentions is this implied assumption: The same transaction cannot be a completed gift for one purpose and an incomplete gift for another. Of course, that is not true, as the cases above cited made clear. Perhaps to assuage the feelings and aid the understanding of affected taxpayers, Congress might use different symbols to describe the taxable conduct in the several statutes, calling it a 'gift' in the gift tax law, a 'gaft' in the income tax law, and a 'geft' in the estate tax law."

The family context of the transaction involved in this case creates the presumption of a gift. *Heringer v. Commissioner*, 235 F. 2d 149, 151 (9th Cir. 1956).

Under the circumstances herein, we conclude that when decedent permitted the statute of limitations to run on the loans to her son Howard, she made taxable gifts equal to the face amount of the loans. Petitioner argues that decedent was unaware that the statute of limitations had run, but petitioner offers no evidence to support the proposition that decedent was inadvertent. Decedent is presumed to know the general public laws of her place of residence and the legal effects of her acts. Cf. *In Re Estate of Patton,* 6 Wash. App. 464, 470-471, 494 P. 2d 238, 242 (1972); *Roon v. King County,* 24 Wash. 2d 519, 527, 166 P. 2d 165, 169 (1946). The facts that she forgave parts of her 1966 and 1967 loans to Howard intending such to be gifts, and in her will forgave any then-outstanding loans to Howard, and the further fact that there is no indication that Howard ever made any repayments on any loans from his mother (whereas his brother repaid all of his loans from his mother) indicate, in the absence of any other evidence, that decedent did not intend to collect the 1962 and 1963 loans at the time she allowed the statute of limitations to run and that she knowingly let the statute run. Petitioner, upon whom the burden of proof rests, has not offered sufficient evidence to overcome the presumption of correctness of the respondent's determination that taxable gifts were made. We therefore uphold respondent's determination with respect to the gifts. We do not thereby imply that in all circumstances the mere running of the statute of limitations on a loan constitutes a gift for gift tax purposes. We merely hold that under the circumstances of this case, we cannot rule that petitioner has carried its burden of proof to the contrary.

### 3. *Additions to Tax for Failure to File Gift Tax Returns*

As noted above, decedent did not file gift tax returns for 1965 or 1966, the years in which the statute of limitations ran on her 1962 and 1963 loans to Howard.

Respondent argues that decedent's failure to file gift tax returns for 1965 and 1966 was not based on reasonable cause and therefore the additions to tax set forth in the statutory notice are proper. Petitioner of course argues that decedent did not file the

returns because she did not owe the tax. We have found otherwise.

Petitioner has the burden of proving that decedent's failure to file was due to reasonable cause and not to willful neglect. *Lee v. Commissioner*, 227 F. 2d 181 (5th Cir. 1955), affg. a Memorandum Opinion of this Court, cert. denied 351 U.S. 982 (1956); *Conlorez Corp.*, 51 T.C. 467 (1968). Since the petitioner failed to introduce any evidence to support his contention that failure to file was due to reasonable cause, the additions to tax under section 6651(a) are justified. See *Eleanor C. Shomaker*, 38 T.C. 192 (1962).

In order to reflect our conclusions herein and the concessions of the parties,

*Decisions will be entered under Rule 155.*

Reviewed by the Court.

DRENNEN, *J.,* dissenting in part: I respectfully disagree with the conclusion of the majority that decedent made taxable gifts to Howard at the time the statute of limitations ran on the recovery of the amounts "loaned" to Howard in 1962 and 1963. The weakness of the majority's conclusion is emphasized by the fact that it relies on petitioner's failure to carry its burden of proof to find for respondent on this issue.

The burden of proof here would relate to the production of evidence to prove facts contrary to those upon which respondent bases his conclusion. It would be an impossible task for anyone, absent some affirmative act on the part of decedent at the time the statute of limitations ran in 1962 and 1963, to prove that decedent did or did not "knowingly let the statute run" in order to consummate gifts. The fact that she took affirmative steps to make known her intention with respect to the 1966 and 1967 loans to Howard and in her will suggests she did not intend to consummate gifts in 1962 and 1963 when she took no affirmative action.

Furthermore, in my opinion, the facts upon which respondent, and the majority, base their conclusion do not support the conclusion.

The majority stresses that donative intent is not required to constitute a gift under the gift tax law. If this is so, the only

"fact" upon which the conclusion is based is that the statute of limitations was permitted to run. But there must be a "transfer" or a "transaction" to constitute a gift for gift tax purposes. See language quoted from *Commissioner v. Wemyss,* 324 U.S. 303, 306 (1945), and from sec. 25.2511-1(g)(1), Gift Tax Regs., in the majority opinion. In other words there must be a taxable event. I do not believe "the mere running of the statute of limitations on a loan" constitutes a taxable event under the circumstances assumed to exist here.

The statute of limitations is a plea in bar and must be affirmatively pleaded or it is waived as a defense. See 54 C.J.S. sec. 354; *R. G. Robinson,* 12 T.C. 246, 248 (1949); also see Rule 39, Tax Court Rules of Practice and Procedure. Had decedent brought suit to collect the loans at any time up to her death she might have been successful had not Howard affirmatively pleaded the statute of limitations. In my opinion, if decedent made a gift of these loans to Howard it was either at the time she transferred the funds to him with no intention of collecting them, or at the effective date of her will in which she forgave any remaining obligations owing to her from Howard. I cannot agree that taxable gifts were made at the time the statute of limitations ran on collection of the loans, without more.

FORRESTER, FAY, STERRETT, and GOFFE, *JJ.,* agree with this dissent.