VINCENT W. BALUNAS AND HELEN L. BALUNAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Balunas v. Commissioner
Docket Nos. 494-72, 4401-72 and 6728-72.
United States Tax Court
T.C. Memo 1975-199; 1975 Tax Ct. Memo LEXIS 176; 34 T.C.M. (CCH) 860; T.C.M. (RIA) 750199; June 23, 1975, Filed Vincent W. Balunas, pro se. Lyndon J. Parker, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in petitioners' income tax as follows: Docket No.
Year
Deficiency
6728-72
1966
$ 947.11
494-72
1968
1,942.64
4401-72
1970
1,433.51 The issue presented *177 for our determination is whether respondent erred in disallowing various deductions taken by petitioners. The claimed deductions which respondent has either partially or fully disallowed relate to (among other things) charitable contributions, casualty losses, interest expenditures, medical expenditures, various state, sales and gas taxes, and various business expenditures, including travel and away-from-home expenses. The issue is purely factual and involves the substantiation of the claimed items. FINDINGS OF FACT Petitioners, Vincent W. and Helen L. Balunas, are husband and wife who resided in Fords, N.J., during the years in issue and at the time of the filing of their petitions with this Court. For the taxable years 1966, 1968 and 1970 joint Federal income tax returns were timely filed with the district director of internal revenue, Newark, N.J.
Vincent Balunas (hereinafter petitioner) is a free-lance engineering consultant. The nature of his work requires him to travel frequently. For the taxable years 1966, 1968 and 1970 petitioners reported income in the amounts of $11,791.30, $12,755.52 and $12,009.42, respectively, and claimed the following itemized deductions: *178 1966
1968
1970
Medical expense
$ 350.02
$ 736.65
$ 1,599.70
Contributions
964.50
984.75
912.00
Taxes
818.47
881.94
1,393.24
Interest expense
4,296.77
7,473.27
6,619.50
Miscellaneous deductions
1,260.00
855.00
452.50
Total itemized deductions
$7,689.76
$10,931.61
$10,976.94 [1]
Under interest expense for each of the years in issue, petitioners have included in their deduction amounts relating to travel and away-from-home expenditures. The miscellaneous deductions for each of the years in issue include amounts claimed for technical books and publications, tools, and casualty losses due to automobile accidents and the loss of shrubbery due to frost. With respect to the taxable year 1966, respondent issued a statutory notice of deficiency dated June 29, 1972. The notice disallowed $664 of the claimed contributions deduction, *179 $3,423.80 of the claimed interest deduction and $1,112.50 of the claimed miscellaneous deductions, all for lack of substantiation. A deficiency of $947.11 was determined. With respect to the taxable year 1968, respondent issued a statutory notice of deficiency dated October 21, 1971. The notice disallowed all of the claimed medical deduction, all of the claimed contributions, all of the claimed tax deduction, all of the claimed interest deduction, and all of the claimed miscellaneous deductions, all for lack of substantiation. A deficiency of $1,942.64 was determined. With respect to the taxable year 1970, respondent issued a statutory notice of deficiency dated March 15, 1972. The notice disallowed all of the claimed contributions deduction, all of the claimed tax deduction, $1,111.48 of the claimed interest deduction, and $6,550 of claimed "Employer Business Expense" (claimed under interest expense), all for lack of substantiation. A deficiency of $1,433.51 was determined. After the issuance of these three notices of deficiencies petitioners were able to obtain substantial concessions from respondent which resulted in lowering the deficiencies for the taxable years 1966, 1968 *180 and 1970 to $412.07, $407.99, and $171.41, respectively. OPINION Petitioner was the only witness to appear at the trial. He presented diaries and summaries based thereon in an attempt to corroborate the validity of the claimed deductions. The diaries were not supported by any documentary evidence which would allow petitioners greater deductions than respondent has allowed. Petitioner also did not present any receipts to substantiate other claimed deductions in excess of the amounts allowed by respondent. In addition, no evidence was presented to substantiate the actual losses sustained as a result of the claimed casualty losses. After a thorough review of the entire record, it is our judgment that petitioners have failed to adequately substantiate any of the claimed deductions over and above the amounts determined by respondent. [2] Consequently we find no error in respondent's redetermination for the years in issue. [3]
*181 Decisions will be entered for the respondent.
Footnotes
1. The 1970 return reflects a total of only $8,976.94. This is due to a mathematical error by petitioner in the preparation of his return. We also note another error in addition under petitioners' interest expense. The return reflects a total of $6,619.50 whereas the interest deductions claimed total $7,661.48.↩
2. With respect to the travel expenditures, we also note petitioners' failure to comply with the substantiation requirements of section 274(d) and the regulations thereunder. Petitioner did not maintain adequate records in his diaries. Although petitioner has listed itemized numerical amounts in these diaries, we were not apprised of the time and place of the travels, their business purpose, places of lodgings, etc. These diaries were clearly inadequate as evidence substantiating the claimed deductions. Although actual receipts are not always necessary, more documentation than petitioner has presented is certainly required. See Rev. Rul. 75-169↩, I.R.B. 1975-19, 13. 3. With respect to the year 1966 we note that the statutory notice was mailed after the section 6501(a) three-year period. However, as petitioner did not assert in his petition the issue of the running of the statute of limitations, respondent was not required to present evidence of a section 6501(c)(4) waiver. Therefore, the possible running of the statute of limitations is not an issue properly before us and one which we do not decide. See R. G. Robinson,12 T.C. 246, 248 (1949), affd. 181 F. 2d 17 (5th Cir. 1950); United Business Corporation of America,19 B.T.A. 809, 831 (1930), affd. 62 F. 2d 754 (2d Cir. 1933), certiorari denied 290 U.S. 635 (1933). See also Badger Materials, Inc.,40 T.C. 1061, 1062-1063↩ (1963).