ANN ARBOR DOG TRAINING CLUB, INC., PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7534–79X.     Filed April 29, 1980.

*Charles J. Ladd,* for the petitioner.
*Richard A. Witkowski,* for the respondent.

OPINION

TIETJENS, *Judge:* Respondent determined that petitioner does not qualify for exemption from Federal income tax under

---

section 501(c)(3).[1] Petitioner, challenging respondent's adverse determination, has invoked the jurisdiction of this Court for a declaratory judgment[2] pursuant to section 7428.

The issue for our determination is whether petitioner is operated exclusively for one or more exempt purposes within the meaning of section 501(c)(3).

The case was submitted for decision on a stipulated administrative record under Rules 122 and 217, Tax Court Rules of Practice and Procedure. The stipulated record, which is assumed to be true for the purpose of this proceeding, is incorporated herein by reference.

Petitioner, incorporated on and operating continuously from March 25, 1968, is a Michigan nonprofit corporation with its principal place of business at Clinton, Mich. On or about December 22, 1976, petitioner filed its application for recognition of exemption with the Office of the District Director, Internal Revenue Service, Detroit, Mich. On March 6, 1979, respondent issued a final ruling denying petitioner's application.

According to petitioner's amended articles of incorporation, the purposes for which petitioner was formed are:

To promote interest in dog obedience training and to instruct, assist, and educate the public in said training. To conduct dog shows, (field trials) (obedience trials), and sanctioned matches under the rules of the American Kennel Club and to educate the public about said dog shows and matches.

Said Corporation is organized exclusively for charitable, religious, educational, and scientific purposes, including, for such purposes, the making of distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code of 1954 (or the corresponding provision of any future United States Internal Revenue Law).

Petitioner's constitution and bylaws state as its aims:

to promote the training and breeding of pure-bred dogs; dissemination of knowledge regarding obedience training; to conduct classes for the training of dogs and their handlers; to encourage the training of judges; to encourage and

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

[2] The prerequisites for declaratory judgment have been satisfied: petitioner is the organization whose qualification is at issue, sec. 7428(b)(1); petitioner exhausted its administrative remedies, sec. 7428(b)(2); and petitioner filed its petition before the 91st day after respondent mailed his determination, sec. 7428(b)(3). See also Rule 210(c), Tax Court Rules of Practice and Procedure.

cooperate with individuals and other groups with similar purposes; to hold and support obedience trials, tracking tests, exhibitions and matches under the rules and regulations of the American Kennel Club; to promote cooperation and good sportsmanship in the training and exhibition of dogs.

Approximately 95 percent of petitioner's efforts and resources are directed at providing public classes. Its advertisements state: "We teach you to train your dog. Puppy, basic, advanced obedience training." The classes meet approximately 1 hour per week for 10 weeks, with three or four of these sessions or semesters offered annually. Individuals are not required to bring their dogs to class and may not bring more than one dog. Club instructors rarely touch the dogs and, then, only for demonstration purposes. At the end of the course, the dogs are awarded degrees and prizes. Individuals generally do not repeat courses as they acquire new dogs.

Tuition is generally $30 per class. All classes are taught by club members who receive no remuneration except reimbursement for travel expenses to and from class. Club membership is open to any person who has completed two or more training classes and who is in good standing with the American Kennel Club (AKC). The advantage of being a club member is that members may exchange their services for class tuition. Similarly, if a member donates sufficient services to the club, he may have his annual dues ($10) waived.

In addition to classes, once or twice a year, petitioner offers 2- or 5-day clinics to supplement its training program. Some of these clinics are available for individuals only, i.e., without their dogs. Petitioner also sponsors AKC approved obedience matches for which it charges an entry fee of $3 per dog. Finally, petitioner publishes a newsletter which mostly lists and describes the activities and achievements of members and their dogs.

Petitioner argues that since its primary activity is to teach individuals how to train dogs, and that since all its other activities are incident to and promote this primary purpose, it is an organization operating exclusively for educational purposes within the meaning of section 501(c)(3).

Respondent contends that petitioner is not exempt from Federal taxation under sections 501(a) and 501(c)(3) because the training of dogs is a substantial purpose of petitioner, is not incidental to petitioner's achieving its alleged educational pur-

pose of training the individual, and is not an educational purpose as described in section 501(c)(3).

We agree with respondent.

Respondent's final ruling letter denied petitioner exempt status on the ground that it is not operated exclusively for one or more exempt purposes specified in section 501(c)(3). The letter states:

Your organization holds dog obedience training classes, awards the dogs a degree after completion of the course and also awards them prizes at show events. While the owners of the dogs receive some instruction as to the training of dogs, it is the dog that is the primary object of the training and evaluation. The training of animals does not come within the meaning of "educational" as set forth in Section 501(c)(3) of the Internal Revenue Code.

Petitioner has the burden of proof to demonstrate that respondent's determination is wrong. *Hancock Academy of Savannah, Inc. v. Commissioner*, 69 T.C. 488 (1977); Rule 217(c)(2)(i), Tax Court Rules of Practice and Procedure.

Section 501(a) provides an exemption from Federal income taxation for organizations described in section 501(c). In order to be exempt under section 501(c)(3), an organization must be organized and operated exclusively for one or more purposes enumerated in that section. Included among the exempt purposes are "educational" purposes which are defined as:

(a) The instruction or training of the individual for the purpose of improving or developing his capabilities; or
(b) The instruction of the public on subjects useful to the individual and beneficial to the community. [Sec. 1.501(c)(3)–1(d)(3), Income Tax Regs.]

The operational test promulgated in the regulations requires that an organization's activities be primarily those which accomplish one or more exempt purposes as specified in section 501(c)(3), and not, except to an insubstantial part, those which do not further an exempt purpose. The issue of whether an organization has satisfied the operational test is a question of fact. *Christian Stewardship Assistance v. Commissioner*, 70 T.C. 1037, 1042 (1978). The purpose towards which an organization's activities are directed, moreover, and not the nature of the activities themselves, dictates whether an organization meets the operational test of section 501(c)(3). *Federation Pharmacy Services v. Commissioner*, 72 T.C. 687, 691 (1979), on appeal (8th Cir., Oct. 15, 1979); *est of Hawaii v. Commissioner*, 71 T.C. 1067, 1078–1079 (1979), on appeal (9th Cir., June 1, 1979); *B.S.W.*

*Group, Inc. v. Commissioner,* 70 T.C. 352, 356–357 (1978). A single noneducational purpose, if substantial, will destroy an organization's exemption regardless of the number or importance of truly educational purposes. *Better Business Bureau v. United States,* 326 U.S. 279, 283 (1945).

We find that a substantial purpose of petitioner is to give dogs obedience training despite that, in order to accomplish this purpose, individuals receive some instruction. Petitioner's constitution and bylaws underline its focus: "to promote the training and breeding of pure-bred dogs; * * * to conduct classes for the training of dogs and their handlers; * * * to promote cooperation and good sportsmanship in the training and exhibition of dogs."

Petitioner has failed to carry its burden of proof to show, as it contends, that it operates primarily to educate individuals, and that the use of dogs for this purpose is an incidental purpose or an integral and necessary concomitant to achieving that purpose. See *San Francisco Infant School v. Commissioner,* 69 T.C. 957, 965–966 (1978).

Petitioner attempts to distinguish itself from the taxpayer represented in Rev. Rul. 71–421, 1971–2 C.B. 229, which denied a dog club, formed to promote the ownership and training of purebred dogs, exempt status as an educational organization. The ruling states:

> The nature of obedience training requires that the owner of the dog appear at the classes so that the dog is trained to respond to his owner's commands. While the owner receives some instruction in how to give commands to his dog, it is the dog that is the primary object of the training. The dog is also the primary object of the subsequent training in sporting and show events. Therefore, the organization's training program for dogs is not within the meaning of educational as defined in the regulations. [Rev. Rul. 71–421, 1971–2 C.B. at 230.]

Although we need not follow respondent's position as urged in his 1971 revenue ruling (see *Browne v. Commissioner,* 73 T.C. 723 (1980) (concurring opinion); *Estate of Lang v. Commissioner,* 64 T.C. 404 (1975)), we find that its conclusions are sound, and that petitioner's situation is not significantly different from the one presented in the ruling.

Although its advertisements begin, "We train you to train your dog," they conclude, "Puppy, basic, advanced obedience training," and do not dispel the notion that the dog's training is

a principal, if not primary, goal of the classes. Similarly, that class members train the dogs and that the instructor rarely handles them is not, without further evidence, unlike the typical dog training school where the dog learns to recognize and respond to his owner's voice. While it is true, moreover, that one need not bring one's dog to class, there is no evidence in the record of how many, if any, of petitioner's students fail to do so. In addition, the prohibition against bringing more than one dog to class is just as easily attributable to making the class manageable. Essentially, the evidence does not demonstrate that the training of dogs is merely an incidental purpose of petitioner.

Petitioner further contends that teaching individuals dog-training skills cannot be separate and distinct from the actual training of a dog. Its argument is similar to that of the taxpayer in *San Francisco Infant School v. Commissioner, supra,* wherein we held that the taxpayer's custodial care of children between the ages of 6 months and 3 years was a necessary concomitant of the education it furnished and not a substantial nonexempt purpose to disqualify it from exemption under section 501(c)(3). In *San Francisco Infant School,* however, the record contained evidence of the school's curriculum, methods, and surroundings; experts attested to the high quality of the educational care given the students. We noted, also, that all schools provide some custodial care which the Commissioner has consistently viewed as advancing educational purposes.

By contrast, petitioner has not shown that actually training a dog is necessary for teaching an individual how to train a dog. While it is clear that an infant needs custodial care when he or she is learning, it is not plain that an individual cannot be taught to train animals without the animal being present for the entire class time. Essentially, unlike in *San Francisco Infant School,* there are no facts in the administrative record regarding petitioner's curriculum, theories, or methods. While we know that the dogs receive degrees and awards, we do not know whether or how the individual's skills are evaluated.

We find, therefore, that since the training of dogs is a substantial, if not the primary, purpose of petitioner, petitioner

is not operated exclusively for one or more exempt purposes as specified in section 501(c)(3).

*Decision will be entered for the respondent.*

---

[1]All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise indicated.