## INVALID TRANSFER OF PERSONALTY.

Circuit Court of Lucas County.

GEORGE A. GRAYDON v. THE ATLANTIC PHONOGRAPH
COMPANY ET AL.

Decided, March 19, 1910.

*Chattel Mortgage—Where Not Verified or Recorded—Not Given Validity by Agreement to Treat the Property as Realty—Invalid Transfer of Personalty.*

1. The private placing of the property of a debtor in trust in such a manner as to leave the grantor insolvent and prevent his creditors from exercising their right to pursue the property for the satisfaction of their claims can not be given validity by an honest intention to preserve the interest of the creditors by so doing and ultimately pay them off in full.

2. An unverified and unrecorded chattel mortgage can not be rendered valid by an agreement between the parties to treat the property as real estate, where it is not in fact attached to the realty.

3. The validity of an unverified and unrecorded chattel mortgage may be attacked by the receiver of the corporation executing the mortgage.

*H. J. Chittenden,* for plaintiff.

*Kohn & Northup* and *Aaron Slagle,* for receiver of the Atlantic Phonograph Co.

*King, Tracy Chapman & Welles* and *Smith & Baker,* for the Citizens Safe Deposit & Trust Co.

WILDMAN, J.; PARKER, J., and KINKADE, J., concur.

One George A. Graydon, a creditor of the corporation known as the Atlantic Phonograph Company, brought a suit in the court of common pleas against that company, and upon the petition of the plaintiff a receiver was appointed. Subsequently other parties were brought into the litigation and the contest finally became one substantially among the corporation which I have named, another corporation known as the Talk-O-Phone Company, the receivers of both companies, and the Citizens Safe Deposit & Trust Company.

The first feature of the controversy which invites attention is the character of a transfer made by the Talk-O-Phone Company to the phonograph company in December, 1906, of all of its assets, except certain unsettled claims, accounts and bills receivable. The property, real and personal, attempted to be conveyed to the phonograph company was encumbered by a mortgage which at the time of the litigation was sought to be foreclosed by the Citizens Safe Deposit & Trust Company. The case was tried in the court of common pleas and brought by appeal to the circuit court. The appeal was perfected by the receiver for the phonograph company, and some question has been made before us as to whether this appeal was properly made, inasmuch as it is said that it attempted to bring up only a part of the controversy. If that were true, the law expressly provides for the appealing of such part of a divisible controversy as affects some of the parties to it, leaving the judgment of the trial court to abide so far as it affects other parties who are content with it and whose interests are not involved in the matter appealed from.

The phonograph company is directly interested of course in the character of the transfer to it, and if that transfer was a valid one so as to convey title, it would be further interested to some extent in the character and scope of the lien obtained by the mortgagee, the mortgage having been given by the Talk-O-Phone Company prior to the transfer or attempted transfer in December, 1906, to the phonograph company.

Upon motion to dismiss the appeal, we having heard the arguments of counsel, overruled the motion, and we have since carefully considered the issues presented to us in the evidence offered by the parties to support their respective claims.

Without discussion of this evidence, it suffices to say that so far as the controversy relative to the transfer to the phonograph company is concerned we are united in our view that that transfer operated to hinder the creditors of the Talk-O-Phone Company in the collection of their claims, and there is no question in our minds that the transfer was made at a time when by the transfer the Talk-O-Phone Company was left entirely insolvent;

indeed, it was insolvent before the transfer was made, the amount of accounts and bills receivable owned by the Talk-O-Phone Company and which had not been pledged to the mortgagee to secure the bonds of the Talk-O-Phone Company being entirely inadequate to pay the unsecured indebtedness of the company. This transfer then should be held invalid under the familiar statute relative to transfers giving a preference to creditors and transfers for hindering and delaying and defrauding creditors. We do not base our conclusion as to this phase of the controversy upon any holding that fraud was contemplated by the parties. It may be entirely true that by the tying up of all the assets of the Talk-O-Phone Company in the control of the officers of the phonograph company or a trustee, the parties intended that the indebtedness of the company should in time be taken care of in the manner provided in the conveyance and in the contract between the two corporations. But the law will not permit the placing of property in trust in such a manner as to leave the grantor insolvent and so as to prevent creditors from exercising their right to pursue property pursuant to the provisions of law. This property was placed in such form that it would be no longer subject to execution against the Talk-O-Phone Company, and so as to compel the receiver of the Talk-O-Phone Company, when one was appointed, to have recourse to that property only by proceedings in equity to obtain a decree invalidating the transfer.

We hold then that this transfer was invalid and that the phonograph company derived no title therefrom, as against the creditors, as represented by the receiver of the Talk-O-Phone Company. And this holding removes any need of considering, so far as the phonograph company is concerned, the matter of the claimed invalidity of the bond issue, the bonds supporting the mortgage held by the Citizens Safe Deposit & Trust Company or the other question as to whether that mortgage covered chattel property and should have been filed and verified as a chattel mortgage. If these claims were not urged by any other party than the phonograph company, we might have no further question to trouble our minds. These matters

are, however, urged by the receiver of the Talk-O-Phone Company in behalf of the company represented by him and its creditors.

The statute as to filing and verifying of chattel mortgages provides in substance that where a chattel mortgage is given and there is not a transfer of the possession of the property to the mortgagee, it shall be void as against certain persons, including creditors, if not filed and verified in the manner by law provided. This mortgage was not so filed and verified. It did describe certain property and attempted by its terms, evidencing the intent of the mortgagor and mortgagee, to stamp certain personal property with the character of realty so as to avoid the necessity of such verification. As held by numerous authorities, the intent of parties to a mortgage or parties to a lease may affect often-times the character of property attached to real estate so as to constitute it a fixture or fixtures or otherwise. Sometimes property may be so attached to the real estate and treated by the parties as affixed thereto as to become a part of the real estate, and to go with it upon any conveyance, lease, or mortgage; but we are not presented with authorities, and we have not found them, that personal property, pure and simple, unattached, may be so turned into real estate by the mere agreement of the parties, as to take it out of the requirements of the statute that a mortgage of it shall be filed and verified in accordance with the statute. A man, for instance, can not give a mortgage upon a horse or a wagon and in that mortgage say ''we will treat this, and it is intended by the parties to be treated, as a real estate mortgage,'' and so file and place it upon the record of real estate mortgages without that verification which the law requires as to mortgages of chattels. The parties could not thereby create a lien upon the property, valid against those persons as to whom the statute says an unverified chattel mortgage shall be void. This mortgage we think did describe some property of that character. To the extent that it describes fixtures or machinery attached to the real estate, we think the parties might properly stamp upon it the character of fixtures so as to make it realty and pass it with the mortgage;

but as to the other property we think that it is not properly in-cluded in a real estate mortgage, and that no lien was created upon it by the instrument given in this case. I will not stop to specify the particular articles to which this ruling will apply. They are specifically defined in the finding of the trial court, the court of common pleas, and a full statement will be found in the journal entry, and our holding in this respect is precisely the holding which was made by the court below.

A little question is made in one of the briefs before us, as to the validity of the bond issue to secure which the mortgage was given, and which is now held by the Citizens Safe Deposit & Trust Company. I will not stop to discuss this question further than to say that the contention of invalidity in these bonds can not avail. It is not sustained by the evidence in the record. It is urged that there is a sort of estoppel here, in that the parties rested for some time after the mortgage was made and even after the attempted transfer was made to the phonograph company, and that there is no right now to dispute either the transfer or perhaps to raise this question as to the chattel mort-gage. We are not, however, in accord with this view. We think that no sufficient evidence to justify the claim of estoppel has been presented.

The question is suggested whether this mortgage is in-valid as to creditors who have not obtained liens in some way, and whether the invalidity can be asserted by a receiver of the Talk-O-Phone Company. We have examined various authorities bearing directly or indirectly upon this question. I will not stop to read from the ones which I desire to cite, but will simply invite attention to several cases in which it was held by our Supreme Court that questions of this character may be raised by the assignee under a general assignment for the benefit of creditors, an officer who stands in a relation somewhat similar to that of a receiver so far as involves his power to represent creditors who may complain of the invalidity of the chattel mortgage because of its non-filing and non-verification. The cases to which I refer are: *Hanes* v. *Tiffany,* 25 O. S., 549; *Blandy* v. *Benedict,* 42 O. S., 295; *Westlake* v. *Westlake et al,*

47 O. S., 315; and *Betz* v. *Snyder*, 48 O. S., 492.    A case having
some bearing upon the matter is that of *Binn* v. *Pottery Co.*,
90 Fed. Rep., 754.

In the 5th Amer. & Eng. Ency. of Law (2d Edition), at pages
1016 and 1019 are found statements concerning the right of
receivers to raise this question as to the invalidity of chattel
mortgages where the chattel mortgages have not been
filed or verified according to law, and the notes in sup-
port of the text cite the 33d N. J. Eq., 287, and, 50 N. J.
Eq., 120.    I am not entirely clear that the authorities con-
clusively establish that a receiver might make this sort of claim,
so far as the New Jersey cases are concerned, by reason of some
variance in the New Jersey statute from that of Ohio.    Another
case to which I will make reference merely for its interest in
bearing upon some of these controversies, and without reading
from it, is that of *Cheney* v. *Maumee Cycle Co.*, 10 Cir. Dec.,
717, decided by this court, the opinion being rendered by Judge
Haynes.

Our conclusion is that the transfer to the phonograph company
should be set aside; that the bonds are valid; that the mortgage
does not cover the personalty as described specifically in the
journal entry of the court below, and indeed I may say that
the various paragraphs beginning with paragraph 6 in the
somewhat extended journal entry of the court below substantially
express the views at which we have arrived, and may be used
as a suggestion for a journal entry of our decree.    The para-
graphs up to paragraph 6 are as to matters upon which findings
were made by default, no pleadings having been interposed to
raise certain issues.

I made a suggestion of the possibility that an appeal might
bring up only the controversy between the phonograph com-
pany and the receiver of the Talk-O-Phone Company, or rather
the controversy between the receiver of the phonograph company
and the receiver of the Talk-O-Phone Company, as to the
validity of the transfer, and that when the issue was decided
against the phonograph company, it might possibly leave all the
other issues in the case standing as in the court below.    The stat-

ute to which reference was made at the time that the argument was had, before us on the motion to dismiss the appeal provides that a party may appeal a part of a case in which he is especially interested. There is, however, a further provision that the court from which the appeal is taken may make orders for the separation of the papers and defining the part of the case which is appealed from. No such order was made in this case. The only party appealing, it is true, was Mr. Holland C. Webster, the receiver of the phonograph company. But it is a matter after all of no moment now whether the other controversies, among the other parties, are appealed from or not, since our decree, as I have said, is substantially that made by the court below, and for safety it is probable that counsel should embody in the journal entry a full statement of the conclusions at which we have arrived, covering everything that the decree below covered.