THE DOUGLAS FAMILY TRUST, GEORGE THIEL, TRUSTEE, and JAMES D. FISHER, TRUSTEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Douglas Family Trust v. Commissioner
Docket No. 24591-82.
United States Tax Court
T.C. Memo 1984-629; 1984 Tax Ct. Memo LEXIS 40; 49 T.C.M. (CCH) 234; T.C.M. (RIA) 84629; December 5, 1984. George Thiel and James D. Fisher (trustees), for the petitioner. Larry L. Nameroff, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined that petitioner is liable, as transferee, for the following deficiencies and additions to tax, plus interest, due from Floyd Douglas: Additions to Tax
Assessed
Year
Deficiency
[1] Sec. 6651(a)(1) Sec. 6653(a)
Interest
1973
$999.13
$249.78
$49.96
$434.81
1974
2,380.52
595.13
119.03
893.14
The matters in dispute are (1) whether transfer to petitioner of all of the assets of Floyd Douglas (a) was without consideration and (b) rendered the transferor insolvent *42 and (2) whether transferee liability is barred by the statute of limitations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner is The Douglas Family Trust, James D. Fisher (Fisher) and George W. Thiel (Thiel), Trustees. Fisher and Thiel both resided in Ohio at the time the petition was filed herein. On April 15, 1977, respondent sent to the transferor, Floyd Douglas (Douglas), a statutory notice of deficiency for the years 1973 and 1974. Petitioner was created on or about June 1, 1977, when a pre-printed document entitled "Contract and Declaration of Trust of this Pure Trust Organization" was executed by Jacqueline C. Douglas as Creator, Douglas as Grantor, and Fisher and Thiel as Trustees. (The document was recorded in the Knox County, Ohio, Miscellaneous records, on December 28, 1977.) On July 11, 1977, Douglas filed with this Court a petition for redetermination of the deficiencies and additions to tax. (Docket No. 7652-77) In June 1979, while his suit was pending before this Court, Douglas transferred all of his assets to petitioner. *43 On March 7, 1980, this Court entered its decision against Douglas determining deficiencies in and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1973
$999.13
$249.78
$49.96
1974
2,380.52
595.13
119.03
On June 9, 1980, Douglas filed an appeal to the Sixth Circuit Court of Appeals from the decision of this Court. No bond was filed by Douglas to stay assessment, and, accordingly, assessments were made against him on July 1, 1980. Notice and demand for payment were served on Douglas that same day. Our decision was affirmed by the Sixth Circuit on September 14, 1981.Douglas v. Commissioner, without published opinion 665 F.2d 1044 (9th Cir. 1981), affg. a Memorandum Opinion of this Court. The notice of deficiency herein was mailed to petitioner on July 27, 1982. The Contract and Declaration of Trust provided in part as follows: THE CREATOR hereby offers to bargain or exchange, in trade, all of the Trust Certificates of Beneficial Interest in this Pure Trust Organization comprising a total of One Hundred (100) Units of Beneficial Interest for all of the real and/or personal *44 property of the Grantor or Transferor of this Trust Organization. The Certificate Holders shall hold their Certificate of Beneficial Interest Units as Tenants in Common and at the death of any Certificate Holder said Certificate shall immediately become null and void. The then lawful successor to the void Certificate may succeed to the same Beneficial or Distributional Interest upon the surrender of the void Certificate to the Trustees of this Trust for their reissuance of a new Certificate to the then lawful Holder or Owner. * * * NO INTEREST under this instrument shall be transferable or assignable by any Certificate Holder, or be subject during said Holder's life to claims of creditors. Should an attempt be made by a creditor of a Holder to reach any beneficial rights, a Trustee may apply the income or principal or both, to which the Holder would be otherwise entitled, for his or her support or the support and maintenance of those dependent upon said Holder, in such manner as the Trustees in their sole discretion may decide. * * * THE DECLARED purpose of the Trustees of this Pure Trust Organization shall be to accept Rights, Title, and Interest in and to real and personal *45 properties, whether tangible or intangible, conveyed hereto to be the Corpus of this Trust Organization for their Conservation, Preservation, Improvement, Increase and Administration. The trust instrument also providedthat a holder of a certificate of beneficial interest had a beneficial and not a legal interest in the trust assets and had no role in the management or control of the trust. The certificates were nonnegotiable and of limited transferability. The duration of the trust was 25 years, renewable for up to another 25-year term. The death, insolvency or bankruptcy of a certificate holder, or the transfer of a certificate did not operate to dissolve the trust. In exchange for the transfer of all of his assets to petitioner, Douglas received only certificates of beneficial interest. The fair market value of the assets transferred to petitioner exceeded $100,000. Petitioner did not assume any liabilities of Douglas. Among the assets transferred to petitioner was a parcel of real estate consisting of approximately 140 acres in Fredericktown, Ohio. At the time of the transfer to petitioner, this property was subject to a mortgage dated January 12, 1972, executed *46 by Floyd E. Douglas and Jacqueline C. Douglas, his wife, in the initial principal sum of $63,000. The mortgage was recorded on January 14, 1972, in the Office of the Recorder of Knox County, Ohio. The mortgage was not released until July 24, 1979. As of the date of trial the deficiencies assessed against Douglas, plus interest, remained unpaid. ULTIMATE FINDINGS OF FACT The transfers from Douglas to petitioner were made without fair and adequate consideration. Douglas was rendered insolvent by the transfers, and the transfers were in fraud of creditors, including the United States. The statutory notice of transferee liability dated July 27, 1982, was sent to petitioner within the applicable period of limitations. OPINION Fraudulent Transfers
Section 6901(a)(1)(A)(i) authorizes the assessment of transferee liability, at law or in equity, in the same manner as the liability for income taxes. This provision does not create a new liability, but rather provides a summary remedy for enforcing the existing liability of the transferor. Coca-Cola Bottling Co. of Tucson v. Commissioner,334 F.2d 875, 877 (9th Cir. 1964), affg. 37 T.C. 1006 (1962). *47 Mysse v. Commissioner,57 T.C. 680, 700-701 (1972). Whether one is liable under section 6901 as a transferee is a question of State law. Commissioner v. Stern,357 U.S. 39, 45 (1958); Scott v. Commissioner,70 T.C. 71, 79 (1978); Pierce v. Commissioner,61 T.C. 424, 432 (1974). Respondent has the burden of proving all the elements necessary to establish transferee liability except that the transferor was liable for the tax. Sec. 6902(a); Rule 142(d). [2]
We must decide whether petitioner is liable as transferee under Ohio law for the unpaid income tax liabilities of Floyd Douglas as a result of its receipt of all of Douglas' assets. The parties stipulated that petitioner received all of Douglas' assets, the fair market value of which exceeded $100,000.[3] It is undisputed that, as of the date of trial, Douglas' liability for Federal taxes remained unpaid. The parties disagree as to whether the transfer by Douglas to petitioner rendered Douglas insolvent and whether the transfer was for adequate consideration. *48 Under the controlling Ohio statute, a conveyance made without a fair consideration at a time when the transferor is or will be thereby rendered insolvent is fraudulent as to creditors without regard to the transferor's actual intent. Ohio Rev. Code Ann. sec. 1336.04 (Page 1979); [4]Squire v. Cramer,64 Ohio App. 169, 28 N.E.2d 516, 518(1940). A conveyance fraudulent as to creditors may be set aside. Ohio Rev. Code Ann. sec. 1336.09 (Page 1979). [5] The United States is deemed a creditor from the date the transferor's obligation to pay taxes arose. Short v. United States,395 F. Supp. 1151, 1154 (E.D. Tex. 1975). [6]
*49 For purposes of the Ohio fraudulent conveyance statute, fair consideration is given for property, or obligation: (A) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied; or (B) When such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained. [Ohio Rev. Code Ann. sec. 1336.03 (Page 1979).] Douglas transferred all of his assets to petitioner in exchange for certificates of beneficial interest. Respondent asserts that the certificates of beneficial interest received by Douglas were a "worthless fiction." Petitioner argues that the certificates represent the interest of a beneficiary under a trust which is an interest in land and, therefore, the transfer was supported by adequate consideration. Petitioner's argument is ingenuous and requires little sophisticated analysis. No independent consideration accompanied the transfer. The certificates may have represented a beneficial interest in *50 the assets transferred; but they were in reality merely a receipt. The law does not permit the placing of property in trust in such a manner as to leave the grantor insolvent and thereby prevent creditors from exercising their right to pursue the property. Graydon v. Atlantic Phonograph Co.,17 Ohio C.C. (n.s.) 236, 238 (1910). Because the transfer was made without fair consideration, the question of whether the transfer was fraudulent turns on whether the transfer rendered Douglas insolvent. Ohio Rev. Code Ann. sec. 1336.02 (Page 1979) defines insolvency as follows: A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured. The deficiencies in tax and additions to tax due from the transferor are liabilities to be considered in determining whether the transferor was insolvent. Kreps v. Commissioner,351 F.2d 1, 10 (2d Cir. 1965), affg. 42 T.C. 660 (1964); C.B.C. Super Markets, Inc. v. Commissioner,54 T.C. 882, 899 (1970). Respondent *51 has thus shown a voluntary transfer of property lacking in consideration at a time when Douglas was indebted. The burden of going foward with the evidence regarding the solvency of the transferor is shifted to petitioner upon such showing. Oliver v. Moore,23 Ohio St. 473, 480 (1872). [7] No evidence was offered by petitioner to rebut the prima facie case of insolvency made by respondent. Aside from its naked assertion that Douglas was no more insolvent after the transfer than before, petitioner has failed to show the existence of any other assets adequate to have paid Douglas' liabilities. Petitioner merely asserts that personal income cannot be transferred to any trust, citing Schulz v. Commissioner,686 F.2d 490 (7th Cir. 1982), affg. a Memorandum Opinion of this Court, and, therefore, concludes that Douglas was not insolvent. Petitioner has not shown that Douglas had any personal income, or that any such income created an asset.We have found as a fact, as stipulated by the parties, that Douglas transferred all of his assets to petitioner in June 1979. Petitioner's present contention to the contrary is totally lacking in merit. *52 Respondent also asserts that the transfer made by Douglas was actually fraudulent. Due to our holding that the transfer rendered Douglas insolvent, it is unnecessary to decide whether Douglas had an actual intent to defraud. [8]
Statute of Limitations
Petitioner contends that the determination of any liability in this proceeding is barred by the expiration of the period of limitations upon assessment. Because this issue was not raised in the original or amended petitions, the statute of limitations is unavailable to petitioner as a defense. Robinson v. Commissioner,12 T.C. 246, 248 (1949), affd. 181 F.2d 17 (5th Cir. 1950). Even if the issue had been raised properly, petitioner's contention that the period of limitations expired on July 1, 1981, is erroneous. Section *53 6901(c)(1) provides that the period of limitations for assessment of transferee liability against an initial transferee is 1 year from the last day respondent could make an assessment against the transferor. Because Douglas filed a petition with this Court, the period for assessment as to him was suspended until 60 days after the decision of this Court became final. Sec. 6503(a); sec. 301.6503(a)-1(a), Proced. & Admin. Regs. Douglas appealed our decision, entered on March 7, 1980, to the Sixth Circuit Court of Appeals. A decision of this Court does not become final in cases appealed to a Circuit Court until the expiration of the time for filing a petition for certiorari to the United States Supreme Court. Sec. 7481(a)(2)(A). Although Douglas filed no petition for certiorari, the time for filing a petition would have expired on December 13, 1981, 90 days after the entry of the judgment of the Sixth Circuit Court of Appeals on September 14, 1981. 28 U.S.C. sec. 2101 (1982). Thus, the decision of this Court did not become final until December 13, 1981, and the period for assessment as to Douglas was suspended until 60 days thereafter, or February 11, 1982. *54 The filing of an appeal with the Sixth Circuit by Douglas did not operate as a stay of assessment or collection of the deficiency determined by this Court. Sec. 7485(a). Assessments were made against him on July 1, 1980. The last day the Commissioner could have made an assessment against Douglas was February 11, 1982. That date and not the date of the actual assessment controls the running of the period of limitations for assessment with respect to petitioner as transferee. Field v. Commissioner,32 T.C. 187, 200 (1959), affd. 286 F.2d 960 (6th Cir. 1960), cert. denied 366 U.S. 949 (1961). Thus, the 1-year period for assessment against petitioner did not begin to run until February 11, 1982, and the statutory notice of transferee liability dated July 27, 1982, was therefore within the applicable period of limitations. We have considered all other arguments of the parties and find them unpersuasive. Accordingly, we hold that petitioner is liable as transferee for the unpaid taxes, additions to tax, and interest of Floyd Douglas, transferor, for the years 1973 and 1974, plus interest as provided by law. Decision *55 will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Any reference to Rules is to the Tax Court Rules of Practice and Procedure.↩
3. On brief petitioner contends that the assets transferred were community property and that Douglas' one-half interest therein was $50,000, less indebtedness. The record contains no evidence to support this contention. Moreover, Ohio is not a community property state.↩
4. Ohio Rev. Code Ann. sec. 1336.04 (Page 1979) provides: Sec. 1336.04 Conveyances resulting in insolvency. Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration. ↩
5. Ohio Rev. Code Ann. sec. 1336.09 (Page 1979) provides: Sec. 1336.09 Remedies for matured claims. (A) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser: (1) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or (2) Disregard the conveyance and attach or levy execution upon the property conveyed. (B) A purchaser, who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment.↩
6. See also Nicholson v. Commissioner,T.C. Memo. 1984-299; Hutcherson v. Commissioner,T.C. Memo. 1984-165↩.
7. See also Morrison Industries, Inc. v. Commissioner,T.C. Memo. 1962-155↩.
8. Ohio Rev. Code Ann. sec. 1336.07 (Page 1979) provides: Sec. 1336.07 Intent to defraud. Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present or future creditors.↩